CITY OF MESQUITE, Texas, Appellant,

v.

Jimmy Lee MOORE, et al., Appellees.

No. 05–90–00055–CV.

Court of Appeals of Texas,
Dallas.

Nov. 12, 1990.

Rehearing Denied Dec. 19, 1990.

Bill Glaspy, Mesquite, for appellant.

Hal K. Gillespie, Dallas, for appellees.

## OPINION

Before McCLUNG, KINKEADE and WHITTINGTON, JJ.

McCLUNG, Justice.

The City of Mesquite appeals the trial court's judgment. Twenty-one paramedics, employed by the City of Mesquite, brought suit against the city for unpaid overtime pursuant to former Texas Revised Civil Statute article 1269p, section 6. Act of May 26, 1985, 69th Leg., R.S., ch. 725, § 1, 1985 Tex.Gen.Laws 2522, *repealed by* Act of May 11, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 TEX.GEN.LAWS 707, 1307. The statute required overtime pay for hours worked in excess of forty per week for those fire department employees whose duties did not include fighting fires. The city contended that the paramedics were not covered by article 1269p because their duties included activities that were incidental and germane to fighting fires. The sole issue presented to the jury was whether the duties of the paramedics included fighting fires. The jury answered that they did not. The damages, being merely a mathematical computation, were determined by the court. Because we find no error we affirm the trial court's judgment.

After each side had rested and closed, the city made a motion for judgment arguing that the paramedics had failed to prove jurisdictional facts as to the population of the city of Mesquite. The statute on which the paramedics relied is applicable to cities having more than 10,000 inhabitants. ACT OF MAY 26, 1985, 69TH LEG., R.S., CH. 725, § 1, 1985 Tex.Gen.Laws 2522 (Repealed 1987). The paramedics made a motion for the trial court to take judicial notice of the population of Mesquite for the time periods in question. They argued first that the court could logically infer that the population of Mesquite was greater than 10,000 based on the numerous exhibits that they had admitted in trial. As an example exhibit 32 shows the population of the area serviced by the paramedics as 96,400. That exhibit showed the exact location of all operations as "City of Mesquite, City of Sunnyvale." In the alternative the paramedics supplied the trial court with the official estimate of the U.S. Department of Commerce Bureau of the Census for the period in question showing that the population of the city of Mesquite as of April 1, 1980 was 67,053 and, as of July 1, 1986, was 88,700. The trial court overruled the city's motion for judgment and ruled for the paramedics without expressly taking judicial notice of the population of the city of Mesquite.

■ The city complains that the trial court erred in failing to render judgment for the city because the paramedics failed to prove that the population of Mesquite was within the statutory requirements of

article 1269p, section 6. The paramedics contend that, from the evidence introduced at trial, the court could have adduced that the population of Mesquite was in excess of 10,000. Texas Rules of Civil Evidence 201(d) establishes when it is mandatory for the court to take judicial notice. A court shall take judicial notice if requested by a party and supplied with the necessary information. In part (b) rule 201 states that the kinds of facts which may be judicially noticed are those, "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We conclude that the paramedics, by way of exhibits, introduced sufficient evidence of probative force that the trial court could have implicitly found that the population of the city of Mesquite exceeded 10,000 inhabitants for the period in question.

■ The paramedics request this Court take judicial notice of the population of the city of Mesquite for the period in question. The record before us includes the official United States Department of Commerce Bureau of the Census estimates for the city of Mesquite showing that the population was in excess of 10,000 inhabitants for the years 1980 to 1986. Texas Rule Civil Evidence 201(f) states, "judicial notice may be taken at any stage of the proceeding." A court of appeals may take judicial notice for the first time on appeal. *City of Dallas v. Moreau,* 718 S.W.2d 776, 781 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.). We take judicial notice that the population of the city of Mesquite for the years 1980 to 1986 was in excess of 10,000 inhabitants. We overrule the city's first point of error.

■ In its second point of error the city complains that the trial court erred in admitting into evidence an exhibit offered by the paramedics entitled "City of Mesquite Special Calculations" because the paramedics were unable to provide a proper foundation for it. The exhibit was a computer printout of payroll information for the paramedics provided during discovery by the city. The city objected to the introduction of the evidence complaining, "Your Honor,

I think we gave him that not in response to any interrogatory, and at this time until there has been some showing it's in response to an interrogatory, we are going to object to it." The paramedics responded that the document was produced in response to interrogatories. The city next admitted to the court that they furnished the paramedics the background material for the paramedics to do their own calculations. The trial court overruled the objection and admitted the document into evidence. A valid objection to an offer of evidence is one that names the particular rule of evidence that will be violated by admission of the evidence. *Montgomery Ward & Co. v. Marvin Riggs Co.,* 584 S.W.2d 863, 868 (Tex.App.—Austin 1979, writ ref'd n.r.e.).

■ The city complains on appeal that the introduction of the evidence violated RULE 901 OF THE TEXAS RULES OF CIVIL EVIDENCE. The requirement of identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Tex.R.Civ.Evid. 901(a). Subsection one illustrates that one way this burden can be met is with testimony of a witness with knowledge. The cover letter to these calculations stated that the city furnished these calculations to the plaintiffs. Hence, the city identified this exhibit. The trial court properly overruled the city's objection.

■ In another point of error the city contends that the exhibit, even if properly admitted into evidence, would not support the judgment of monetary damages because it did not prove the number of hours the paramedics worked as paramedics as opposed to times they worked as fire fighters. The trial court determined that the only issue presented to the jury would be the issue of liability. Liability would be ascertained by a finding that the paramedics worked solely as paramedics and not as fire fighters. Virtually all the testimonial evidence introduced at trial was directed at proving that the paramedics worked solely as paramedics and not fighting fires. The jury determined that the paramedics

worked solely as paramedics and did not work at all as fire fighters. We conclude the paramedics introduced sufficient evidence to prove that they worked solely as paramedics.

■ In two other points of error the city complains that the trial court erred in rendering a monetary judgment because the paramedics failed to introduce sufficient evidence to prove their respective rates of pay and hours worked. The evidence introduced on this issue was the computer printout generated by the city showing the hours worked and overtime paid to each paramedic. The city did not contest the introduction of this evidence except for the request to determine the origin of the data. The city supplied the basic data from which the calculations were made. The city introduced no controverting evidence. Following clear case law guidelines the trial court determined that the calculation of damages was simply a matter of mathematics and could be accomplished from the undisputed data supplied by the city of Mesquite. *City of San Antonio v. Aguilar,* 696 S.W.2d 648, 654–55 (Tex.Civ.App.—San Antonio 1985, writ ref'd n.r.e. and dismissed). We conclude that the trial court did not err in finding the uncontroverted data sufficient to calculate and support a judgment of monetary damages. We therefore, overrule these points of error.

■ In its sixth point of error the city complains that the trial court erred in failing to render judgment for the city because no issue was submitted to the jury that would allow the trial court to render a monetary judgment for the paramedics. The only issue the court submitted to the jury was the issue of liability, *i.e.* whether the paramedic's duties did or did not include fighting fires. Before the charge was read to the jury the city objected to the charge complaining that the charge did not require the jury to find how many overtime hours that each individual paramedic worked; did not require the jury to find the monthly, weekly, or bi-weekly pay for each paramedic; and that it did not allow the jury to find whether the paramedics worked as paramedics during the entire

period in question. The city also objected to the charge by complaining that there was no probative evidence to support any issue. The city requested an instructed verdict at this point. The trial court overruled the city.

In a case where emergency medical technicians (EMT's) brought an action against the city to recover overtime back pay, the Supreme Court held that since the city had offered the critical trial testimony regarding the EMT's hours worked, date of their assignment and the city's failure to pay overtime pay, the trial court had the duty to render judgment for the EMTs on all the work done as uncompensated overtime. *Kierstead v. City of San Antonio,* 643 S.W.2d 118, 121 (Tex.1982). In the case before us the city supplied all the data for the number of overtime hours worked and the amount of overtime paid to the paramedics by the city. The paramedics had a certified public accountant take that data and calculate the amount of overtime plus prejudgment interest due each paramedic. The city neither submitted alternative calculations nor complained of the calculations of the paramedics.

In another case where EMTs sued the city for uncompensated overtime the San Antonio Court of Appeals explicated the formula the *Kierstead* court used in determining the amount of compensation the trial court should award. *City of San Antonio,* 696 S.W.2d at 655. Because the City of Mesquite supplied the data to the court and did not complain of the paramedics' calculation or offer controverting evidence, the calculation of the compensation after a finding of liability was simply a matter of mathematics from undisputed data, which the court properly performed following clear case law. *See Wingfield v. Bryant,* 614 S.W.2d 643 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.) (uncontested fact does not have to be submitted to jury).

The city contends that because the damage issues were important to the city's case and were not answered by the jury, the case should be reversed and rendered. Rule 278 of the Texas Rules of Civil Procedure (formerly found in rule 279) provides

that the trial court's failure to submit a question raised by the evidence shall not be a ground for reversal unless it was tendered in substantially correct wording. Because the city did not tender a substantially correct question to the trial court, there is no ground for reversal. We overrule the sixth point of error.

 In the seventh point of error, the city complains that the trial court erred in failing to render judgment for the city because the paramedics had failed to plead and prove an amount of damages that would bring them within the jurisdictional limits of the court. In plaintiffs' second amended petition, twenty-one paramedics pled that the city owed them uncompensated overtime pay for a period of four years preceding the filing of this suit. They pled no specific amount of damages. The city did not specially except to the pleading defect. Unless the defendant objects, the plaintiff may proceed to trial however defective its allegations. *Peek v. Equipment Services Co.*, 779 S.W.2d 802, 805 (Tex. 1989). At trial numerous exhibits were introduced into evidence showing the dates that the paramedics were hired, their normal shift duty and the amount of uncompensated overtime they worked. Most of this data was derived from admissions made by the city or from the city's own data. The city did not introduce any controverting evidence. The trial court found from the evidence introduced an amount in controversy aggregating to $947,322.28 in overtime and $375,584.21 in prejudgment interest. In the absence of special exceptions or other motion, defendant waives the right to complain of such a defect if plaintiff establishes the trial court's jurisdiction before resting its case. *Id.* at 805. The

paramedics established that they were within the jurisdictional limits of the court before resting their case.[1] We overrule the seventh point of error. We find no reversible error and affirm the trial court's judgment.

---

1. The minimum monetary limit was formerly found in article 5, section 8 of the Texas Constitution and article 1906 of Texas Revised Civil Statutes. Both limited the jurisdiction of the district court to controversies involving at least five hundred dollars. In 1985, however, this provision of the constitution was amended to delete any reference to the minimum monetary jurisdiction of the district court. Also in 1985, article 1906 was repealed and recodified with the enactment of the government code. In the recodification of article 1906, the legislature de-

leted the specific description of district court jurisdiction, including the minimum monetary limit of five hundred dollars. Tex.Gov't.Code Ann. § 24.007 (Vernon 1988). One commentator has suggested that a five hundred dollar minimum remains the limitation on the jurisdiction of the district courts despite its removal from the constitution and statute. *See W. Dorsaneo*, 1 Texas Litigation Guide § 2.01[3][b][ii] (1989). The Supreme Court has not yet decided this question.