Daniel F. SMITH and Michael A. Smith, Individually and D/B/A Fairfield Distributors, Petitioners,

v.

CLARY CORPORATION, Respondent.

No. 94–1338.

Supreme Court of Texas.

March 7, 1996.

Rehearing Overruled April 12, 1996.

Anne Gardner and John J. Drake, Fort Worth, for petitioners.

Sloan B. Blair, Fort Worth, Carey Frank Walker and David Lewallen, Arlington, Kevin Norton, Fort Worth, for respondent.

PER CURIAM.

We overrule Clary Corporation's motion for rehearing. We withdraw our opinion of July 7, 1995, and substitute the following.

■ The issue in this case is whether counterclaims of multiple defendants should be aggregated to determine whether the amount in controversy in a county court at law exceeds that court's maximum statutory jurisdictional limit and divests it of jurisdiction. The court of appeals held that a statute required aggregation. We hold that the legislature enacted TEX.GOV'T CODE section 24.009, the aggregating statute, to allow multiple plaintiffs to aggregate their claims to achieve the minimum jurisdictional amount for a court, not to defeat jurisdiction for multiple defendants each of whose counterclaims is within the jurisdictional limit. Accordingly, the statute does not apply to require that multiple counterclaims be aggregated to determine the amount in controversy for statutory county court jurisdiction. Without hearing argument, the Court reverses the judgment of the court of appeals and remands the cause to that court for further proceedings. *See* TEX.R.APP.P. 170.

Daniel Smith and Michael Smith formed Fairfield Distributors and contracted with Clary Corporation to sell Clary's pallet prod-

ucts. Clary sued the Smiths, individually, and d/b/a Fairfield Distributors in Tarrant County Court at Law Number Three for a $19,821.85 balance on an open account. The Smiths and Fairfield counterclaimed against Clary alleging deceptive trade practices, negligent misrepresentation, and tortious interference with business relations.

In their original counterclaims, the Smiths and Fairfield generally alleged damages in excess of the *minimum jurisdiction* of the Tarrant County Court at Law. Later, the three parties amended their counterclaims to allege damages of $100,000 each, for an aggregate of $300,000. A jury awarded Clary $14,155.57 on its open account claim. However, the jury found for the Smiths and Fairfield on their counterclaims. After deducting the $14,155.57 plus attorney's fees, the court rendered a net judgment for the Smiths and Fairfield for $264,270.61, including pre-judgment interest, statutory penalties, treble damages, attorney's fees and costs. Clary appealed this judgment arguing that the aggregate amount of the counterclaims exceeded the jurisdictional limit of the county court's authority. The court of appeals reversed the judgment and remanded the cause. 886 S.W.2d 570.

 County courts at law generally have statutorily prescribed jurisdiction in civil cases where the amount in controversy exceeds $500 but does not exceed $100,000, excluding mandatory damages and penalties, attorney's fees, interest, and costs.[1] TEX.GOV'T CODE ANN. § 25.0003(c) (Vernon Supp.1995). A counterclaim, whether permissive or compulsory, must be within the court's jurisdiction. 2 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 9.76 (rev. 1992); *see also Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex.1988) (counterclaim is compulsory if "it is within the jurisdiction of the court."). A counterclaim is not within the court's jurisdiction when the amount in controversy exceeds the maximum jurisdictional limit of the court. *Kitchen Designs, Inc. v. Wood,* 584 S.W.2d 305, 307 (Tex.Civ.

App.—Texarkana 1979, writ ref'd n.r.e.); 2 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 9.77 (rev. 1992); 16 TEX.JUR.3d *Courts* § 70 (1981). Daniel Smith, Michael Smith, and Fairfield individually pleaded $100,000 in damages. Each claim is within the jurisdictional purview of Tarrant County Court at Law Number Three. However, the court of appeals held that the counterclaim amounts should be aggregated under section 24.009 of the Government Code which provides, in relevant part:

> If two or more persons originally and properly join in one suit, the suit for jurisdictional purposes is treated as if one party is suing for the aggregate amount of all their claims added together, excluding interest and costs. This section does not prevent jurisdiction from attaching on any other ground.

TEX.GOV'T CODE ANN. § 24.009 (Vernon 1988). The court of appeals concluded that this statute applies to county courts at law through section 25.2222(m) of the Government Code. *See* TEX.GOV'T CODE ANN. § 25.2222(m) (Vernon Supp.1996). We initially assume, without deciding, that the aggregating statute applies to county courts at law. However, we disagree with the court of appeals' conclusion that the aggregating statute applies to the counterclaims the multiple defendants presented in this case. The courts have never applied the aggregating statute to counterclaims of multiple defendants who are properly joined.

The legislature enacted the aggregating statute in 1945 to statutorily overrule this Court's holding in *Long v. City of Wichita Falls,* 142 Tex. 202, 176 S.W.2d 936, 940 (1944). *Long* involved two plaintiffs' claims against the same defendant, properly subject to joinder under Rule 40[2], one of which was below the minimum jurisdictional amount of the trial court. We held the trial court lacked jurisdiction over the smaller claim. The legislature sought to overturn what we quoted as the majority rule prevailing in

---

1. There are many exceptions to this general rule of jurisdiction for county courts at law. A court must not only have jurisdiction over the amount in controversy, but it must also have subject matter jurisdiction over a counterclaim. *See Ca-*

*macho v. Samaniego,* 831 S.W.2d 804, 806–807 (Tex.1992).

2. TEX.R.CIV.P. 40 (1942).

1944: "Where several claimants have separate and distinct demands against a defendant or defendants, and join in a single suit to enforce them, they cannot be added together to make up the required jurisdictional amount but each separate claim furnishes the jurisdictional test." *Long,* 176 S.W.2d at 940. Thus, Clary Corporation's reliance on *Long* is misplaced because neither *Long* nor any case cited in *Long* considered aggregation of counterclaims of separate defendants to defeat jurisdiction.

■■■ For statutory construction we begin with the words of the statute itself. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). The statute provides it applies when "two or more persons *originally* and properly *join* in *one suit.*" (Emphasis supplied.) The words indicate the parties must volitionally join at the outset, for purposes of jointly presenting claims. The words clearly apply to co-plaintiffs jointly asserting related claims against a common defendant. In those circumstances the claims aggregate to reach the jurisdictional minimum.[3] This conclusion is consistent with the legislature's desire to overturn *Long.* The words do not appear to apply when separate defendants answer and file their individual counterclaims. Because the legislature did not define the terms otherwise, we should give the words this ordinary meaning. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241–42 (Tex.1994); *State v. Public Util. Comm'n,* 883 S.W.2d 190, 200 (Tex.1994). The jurisdictional and procedural statutes and rules in effect when the legislature enacted the aggregating statute recognized the county court's ancillary jurisdiction to entertain each defendant's counterclaim up to the jurisdictional maximum of the court, and we do not favor construing statutes to repeal such law by implication. *Twin City Fire Ins. Co. v. Cortez,* 576 S.W.2d 786, 789 (Tex.1978).

The courts have not and should not apply aggregation to divest a court of jurisdiction on counterclaims asserted by multiple defendants, whose joinder normally is not voluntary, and who have not chosen the forum. *See* TEX.R.CIV.P. 38, 39. Moreover, co-defendants have no control over the number of defendants joined or the amounts of their counterclaims. Permitting aggregation of counterclaims to defeat jurisdiction under such circumstances would encourage races to the courthouse and forum shopping by parties to set arbitrary limits on anticipated claims by adversaries.

We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

---

3. In 1945 both district and county courts had minimum jurisdictional amounts. Again we do not consider the open question whether district courts now have minimum jurisdictional amounts after the 1985 constitutional amendments. *See Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 803 n. 4 (Tex.1989).