TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00677-CV






Texas Department of Health, Appellant



v.



Jane Doe, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 98-01424, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 This is an interlocutory appeal from an order denying appellant's plea to the
jurisdiction and motion to dismiss. Appellee, Jane Doe, (1) sued appellant, the Texas Department
of Health ("TDH"), claiming that TDH wrongfully disclosed the positive result of her human
immunodeficiency virus ("HIV") test to a non-employee nursing student without her consent. Doe
sought injunctive relief, civil damages, and a declaration that TDH violated her right to
confidentiality under section 81.103(a) of the Texas Health and Safety Code. See Tex. Health &
Safety Code Ann. § 81.103(a) (West 1992). TDH filed a plea to the jurisdiction and motion to
dismiss, claiming governmental immunity, which the trial court denied. We will affirm the trial
court's order.

FACTUAL AND PROCEDURAL BACKGROUND

 Doe has tested positive for HIV. At the time of the alleged disclosure, she was
pregnant and was receiving benefits and nutritional guidance from the Women Infants and
Children ("WIC") program through TDH. A TDH clinical nurse asked Doe if she would be
willing to participate as a research subject for a case study on pregnant women, and Doe agreed. (2) 
Doe gave permission for TDH to provide her name and phone number to the researcher
conducting the study, nursing student Kyle Ditto, who came to Doe's home to interview her. 
Ditto was not an employee of TDH. During the interview, Doe learned that Ditto had seen her
medical records and was already informed of her HIV status. Neither Ditto nor the TDH nurse
had sought or obtained Doe's consent to the release of her medical information.

 Doe filed suit against TDH seeking injunctive relief, civil damages, and a
declaration that the disclosure of her HIV status without her express written permission violated
her right to have her HIV test results kept confidential under section 81.103(a) of the Texas Health
and Safety Code, which states: "A test result is confidential. A person that possesses or has
knowledge of a test result may not release or disclose the test result or allow the test result to
become known except as provided by this section." Tex. Health & Safety Code Ann. § 81.103(a)
(West 1992). Under subsection (f) of section 81.103, unlawful disclosure of the result of an HIV
test is a criminal offense, and section 81.104 provides civil remedies for violations of the
confidentiality protected under the section. Id. §§ 81.103(f), .104.

 TDH responded to Doe's claim with a plea to the jurisdiction and moved to dismiss
Doe's claim, arguing that section 81.103(a) did not waive TDH's governmental immunity from
suit. See id. § 81.103(a). The trial court denied the plea to the jurisdiction and motion to dismiss. 
In its sole point of error, TDH urges that the trial court erred in denying TDH's plea.


DISCUSSION

 Whether the trial court properly denied TDH's plea to the jurisdiction presents a
pure question of law that we will examine under a de novo standard of review. See State Farm
Lloyds v. Kessler, 932 S.W.2d 732, 735 (Tex. App.--Fort Worth 1996, writ denied). The
decision to waive immunity for state agencies is left to the legislature. See Texas Dept. of Health
v. Ruiz, 960 S.W.2d 714, 715 (Tex. App.--El Paso 1997, writ denied). The legislature must use
clear and unambiguous language to effect a waiver of immunity. See City of LaPorte v. Barfield,
898 S.W.2d 288, 291 (Tex. 1995). However, "[t]he rule requiring a waiver of governmental
immunity to be clear and unambiguous cannot be applied so rigidly that the almost certain intent
of the Legislature is disregarded. Legislative intent remains the polestar of statutory
construction." Id. at 292.

 TDH argues that only the limited waivers of governmental immunity contained in
the Texas Tort Claims Act could support Doe's claim, and that her claim does not fall within the
waivers of immunity provided in that law. The Texas Tort Claims Act waives governmental
immunity for certain claims concerning the operation of a motor vehicle, the condition or use of
tangible property, or defects of premises. See Tex. Civ. Prac. & Rem. Code §§ 101.021, .022
(West 1997). As Doe correctly points out, she made no pleading under the Texas Tort Claims
Act, choosing to bring her action under the confidentiality provisions of Chapter 81 of the Health
and Safety Code. We reject TDH's argument that Doe's suit must fail if it does not fall under the
Texas Tort Claims Act.

 TDH argues in the alternative that the provision of the Health and Safety Code
under which Doe sues does not waive governmental immunity for state agencies. The heart of
TDH's argument is its claim that the civil remedies allowed under Health and Safety Code sections
81.103 and 81.104 are not available against TDH, because TDH is not a "person" for the
purposes of this Code. See Tex. Health & Safety Code Ann. §§ 81.103, .104 (West 1992). To
determine whether the Health and Safety Code contains a waiver of governmental immunity, we
first examine the text of the statute. See Smith v. Clary Corp., 917 S.W.2d 796, 799 (Tex. 1996). 
Our objective when we construe a statute is to determine and give effect to the legislature's intent. 
See Liberty Mut. Ins. Co. v. Garrison Contractors Inc., 966 S.W.2d 482, 484 (Tex. 1998).

 The Health and Safety Code adopts the conventions of statutory construction
provided in the Code Construction Act, including the Act's definition of "person." See Tex.
Gov't Code Ann. § 311.005 (West 1998); Tex. Health & Safety Code Ann. § 1.002 (West 1992). 
Under the Code Construction Act definition, "'Person' includes corporation, organization,
government or governmental subdivision or agency, business trust, estate, trust, partnership,
association, and any other legal entity." Tex. Gov't Code Ann. § 311.005(2) (West 1998). (3) The
Code Construction Act applies this definition to codes adopted by the 60th or a subsequent
legislature; the Health and Safety Code was adopted in 1989 by the 71st legislature. See Tex.
Gov't Code Ann. § 311.002 (West 1998); Tex. Health & Safety Code Ann. § 1.001 (West 1992);
City of LaPorte v. Barfield, 898 S.W.2d 288, 294 (Tex. 1995). We note with approval the
determination of the Fourth Court of Appeals that the City of Kerrville could be sued under an
anti-fraud provision of the Business and Commerce Code because the legislature waived
governmental immunity by using "person" in a statute that employs the Code Construction Act
definition. See Kerrville HRH, Inc. v. City of Kerrville, 803 S.W.2d 377, 383 (Tex. App.--San
Antonio 1990, writ denied). (4) In order to give effect to the intent of the legislature, we similarly
determine that Chapter 81 of the Health and Safety Code waives governmental immunity.

 The express language of the provisions for confidentiality in Chapter 81 supports
the conclusion that the legislature intended to waive governmental immunity for violations of these
provisions. Rules adopted pursuant to Health and Safety Code section 81.102, which allows
mandatory HIV testing in certain emergency circumstances, must provide for "procedures and
guidelines to be followed by an affected entity or state agency that . . . specify methods to be used
to assure confidentiality." Tex. Health & Safety Code Ann. § 81.102(d)(2) (West 1992). Section
81.104 creates a civil cause of action to restrain a violation or threatened violation of section
81.102. Id. § 81.104. The direct identification of state agencies in the statute indicates that the
legislature contemplated the application of this section to state agencies. When construing a
statute, we must view its terms in context and give them full effect. See Liberty Mut., 966 S.W.2d
at 484. "[L]anguage strongly suggesting a waiver of immunity in contexts in which any other
intention is hard to discern" will guide us in determining the intent of the legislature. Barfield,
898 S.W.2d at 292. Considering the context of the whole statute, including the adoption of the
Code Construction Act definition of "person," we conclude that the reference to "an affected . .
. state agency" in section 81.102 further demonstrates the legislature's intent to waive
governmental immunity. Tex. Health & Safety Code Ann. § 81.102(d)(2) (West 1992).

 TDH reads the Revisor's Note to section 81.103 (5) to indicate that the source law of
this section did not include government agencies in the definition of a "person" to whom the
section applies. We disagree with this reading of the prior history of section 81.103. The
Communicable Disease Prevention and Control Act (the "Act") was passed by the 68th legislature
in 1983. See Communicable Disease Prevention and Control Act, 68th Leg., R.S., ch. 255, sec.
1, art. I, 1983 Tex. Gen. Laws 1116 (codified at Tex. Health & Safety Code Ann. § 81.001 (West
1992)). Section 1.04 of that Act defines "person" as "an individual, corporation, government or
governmental subdivision or agency, business trust, estate, trust, partnership, association, or other
legal entity." Id. art. I., § 1.04(7).

 The legislature amended the Act in 1987, adding article 9, Tests for Acquired
Immune Deficiency Syndrome and Related Disorders. See Act of June 1, 1987, 70th Leg., R.S.,
ch. 543, sec. 22, art. IX, 1987 Tex. Gen. Laws 2176, 2201 (codified at Tex. Health & Safety
Code Ann. § 81.101 (West 1992)). Section 9.03 of the article is the subject of the Revisor's Note
to Health and Safety Code section 81.103. See id. art. IX, § 9.03; Tex. Health & Safety Code
Ann. § 81.103 revisor's note (West 1992). Section 9.03 prohibits "any person, firm, corporation,
physician, hospital, blood center, blood bank, laboratory, or other entity" from disclosing the
result of an HIV test. Act of June 1, 1989, 70th Leg., R.S., ch. 543, sec. 22, art. IX, § 9.03,
1987 Tex. Gen. Laws 2176, 2203 (codified at Tex. Health & Safety Code Ann. § 81.103 (West
1992)). Section 9.04 provides civil remedies for a violation of section 9.03. See id. § 9.04. In
1989, the 71st legislature codified the Communicable Disease Prevention and Control Act,
including the confidentiality provisions contained in article 9, as Chapter 81 of the Health and
Safety Code. See Tex. Health & Safety Code Ann. § 1.001 (West 1992). The codification made
no substantive change in the law. See id.

 The Revisor's Note to section 81.003 of the Health and Safety Code, which
provides definitions of words used in Chapter 81, reports that "[t]he revised law omits the
definition in the source law of 'person' as unnecessary because under the definitions section of the
Code Construction Act (Section 311.005, Government Code) 'person' includes any legal entity." 
Tex. Health & Safety Code Ann. § 81.003 revisor's note (West 1992). The definitions of
"person" contained in the source law to Chapter 81 and in the Code Construction Act both
expressly include government agencies. See Communicable Disease Prevention and Control Act,
68th Leg., R.S., ch. 255, sec. 1, art. I, § 1.04(7) 1983 Tex. Gen. Laws 1116, 1117 (codified at
Tex. Health & Safety Code Ann. § 81.001 (West 1992)); Tex. Gov't Code Ann. § 311.005(2)
(West 1998). We therefore reject TDH's argument that the expression "any legal entity" in the
Revisor's Note to section 81.103 does not expressly waive governmental immunity for violations
of this section. See Tex. Health & Safety Code Ann. § 81.103 revisor's note (West 1992). 

 The Health and Safety Code declares that the Code employs Code Construction Act
definitions. See Tex. Health & Safety Code Ann. § 1.002 (West 1992) ("Chapter 311,
Government Code (Code Construction Act), applies to the construction of each provision in this
code except as otherwise expressly provided by this code."). The Code Construction Act
expressly defines the word "person" to include government agencies. See Tex. Gov't Code Ann.
§ 311.005(2) (West 1998). Sections 81.103 and 81.104 of the Health and Safety Code provide
a civil remedy to restrain a "person" who violates the HIV test confidentiality protections set out
in section 81.103(a). See Tex. Health & Safety Code Ann. §§ 81.103(a), .103(f), .104 (West
1992). We therefore conclude that the legislature has expressly waived governmental immunity
from claims brought to remedy unlawful disclosure of confidential test results under section
81.103(a) of the Health and Safety Code. TDH's sole point of error is overruled.


CONCLUSION

 The trial court did not err in denying TDH's plea to the jurisdiction and motion to
dismiss. We therefore affirm the trial court's order.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 10, 1999

Publish
1. Doe sued under the pseudonym "Jane Doe" in order to keep her identity and HIV-positive
status confidential.
2. The study was unrelated to Doe's HIV-positive condition, and was not going to involve any
medical treatment.
3. The Revisor's Note to section 81.103 of the Health and Safety Code indicates that the
revised law substitutes "person" for the source law's reference to "a 'person, firm, corporation,
physician, hospital, blood center, blood bank, laboratory, or other legal entity' . . . because under
the definition section of the Code Construction Act, 'person' includes any legal entity." Tex.
Health & Safety Code Ann. § 81.103 revisor's note (West 1992) (citation omitted).
4. In Barfield, the supreme court expressly declined to comment on this aspect of the holding
of the court of appeals in Kerrville HRH. See City of LaPorte v. Barfield, 898 S.W.2d 288, 296
(Tex. 1995).
5. See note 3, supra.



des civil remedies for a violation of section 9.03. See id. § 9.04. In
1989, the 71st legislature codified the Communicable Disease Prevention and Control Act,
including the confidentiality provisions contained in article 9, as Chapter 81 of the Health and
Safety Code. See Tex. Health & Safety Code Ann. § 1.001 (West 1992). The codification made
no substantive change in the law. See id.

 The Revisor's Note to section 81.003 of the Health and Safety Code, which
provides definitions of words used in Chapter 81, reports that "[t]he revised law omits the
definition in the source law of 'person' as unnecessary because under the definitions section of the
Code Construction Act (Section 311.005, Government Code) 'person' includes any legal entity." 
Tex. Health & Safety Code Ann. § 81.003 revisor's note (West 1992). The definitions of
"person" contained in the source law to Chapter 81 and in the Code Construction Act both
expressly include government agencies. See Communicable Disease Prevention and Control Act,
68th Leg., R.S., ch. 255, sec. 1, art. I, § 1.04(7) 1983 Tex. Gen. Laws 1116, 1117 (codified at
Tex. Health & Safety Code Ann. § 81.001 (West 1992)); Tex. Gov't Code Ann. § 311.005(2)
(West 1998). We therefore reject TDH's argument that the expression "any legal entity" in the
Revisor's Note to section 81.103 does not expressly waive governmental immunity for violations
of this section. See Tex. Health & Safety Code Ann. § 81.103 revisor's note (West 1992). 

 The Health and Safety Code declares that the Code employs Code Construction Act
definitions. See Tex. Health & Safety Code Ann. § 1.002 (West 1992) ("Chapter 311,
Government Code (Code Construction Act), applies to the construction of each provision in this
code except as otherwise expressly provided by this code."). The Code Construction Act
expressly defines the word "person" to include government agencies. See Tex. Gov't Code Ann.
§ 311.005(2) (West 1998). Sections 81.103 and 81.104 of the Health and Safety Code provide
a civil remedy to restrain a "person" who violates the HIV test confidentiality protections set out
in section 81.103(a). See Tex. Health & Safety Code Ann. §§ 81.103(a), .103(f), .104 (West
1992). We therefore conclude that the legislature has expressly waived governmental immunity
from claims brought to remedy unlawful disclosure of confidential test results under section
81.103(a) of the Health and Safety Code. TDH's sole point of error is overruled.