COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-093-CV
 
H & S SUPPLY COMPANY, INC.,    
                                                                    APPELLANT
A TEXAS CORPORATION
V.
OSCAR RENDA CONTRACTING, INC.,    
                                                               APPELLEE
A TEXAS CORPORATION
------------
FROM PROBATE COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
We are asked to determine whether
Appellee's counterclaim was within the trial court's jurisdiction. We hold it
was not, and we reverse and render judgment in favor of Appellant and dismiss
Appellee's counterclaim.
Background
Appellant H & S Supply Company,
Inc. filed suit in a Tarrant County Court at Law to collect a sworn account of
approximately $80,000 from Appellee Oscar Renda Contracting, Inc. Appellee
obtained a transfer of venue to Denton County Probate Court, which has subject
matter jurisdiction up to $100,000. See Tex. Govt. Code Ann. §§
25.0003, 25.0635 (Vernon Supp. 2003). There, Appellee filed a counterclaim for
unliquidated damages, specifying no amount in controversy, and without pleading
that the amount was within the court's jurisdiction. Appellee's counterclaim
alleged that the prices Appellant had charged for years were not commercially
reasonable, were fraudulent, and amounted to deceptive trade practices.
After hearing evidence, the jury
found that Appellant was entitled to $81,776.24 on its sworn account claim, but
also found Appellant had breached its agreement to charge a reasonable price for
its merchandise. The jury found Appellee was entitled to damages in the amount
of $117,500, representing the difference between the price actually charged by
Appellant and a reasonable price. After the trial ended, Appellee moved for
entry of judgment, and Appellant moved to dismiss Appellee's counterclaim on the
ground that it exceeded the court's jurisdiction. The court denied Appellant's
motion and signed Appellee's proposed judgment, determining that Appellee was
entitled to net damages of $35,723.76 (the difference between $117,500 and
$81,776.24), plus net attorney's fees of $61,969.50, pre- and post-judgment
interest, and court costs.
Appellee's Evidence
At Trial
At trial, Oscar Renda testified
that the counterclaim filed by his company was for the difference on the
overcharges, "[s]omewhere in the neighborhood of [$]200,000." David
Lucas, an expert witness who testified on behalf of Appellee, stated he prepared
Appellee's exhibit 44, a ninety-six page written comparison between the prices
Appellant charged Appellee and the prices for the same parts from a comparable
parts supply business. This document concludes with a total "claim" of
$243,427.77, representing the difference between the price Appellant charged for
the listed items, and a commercially reasonable price. The record does not
contain opening or closing arguments of counsel, so we are unable to ascertain
what amount Appellee requested that the jury award. The jury awarded $117,500 as
the difference between the price Appellant charged Appellee and the reasonable
price of all those parts.
Discussion
In its sole issue, Appellant
asserts that when Appellee introduced evidence at trial establishing that the
amount of its counterclaim exceeded the maximum jurisdictional limit of the
trial court, Appellee "proved itself out of court" and its
counterclaim was never within the jurisdictional limit of the trial court.
Therefore, at the end of the trial the trial court should have dismissed
Appellee's counterclaim without prejudice. Appellee responds that the trial
court acquired jurisdiction over Appellee's counterclaim at the time it was
filed seeking unliquidated damages, and nothing occurred at trial to divest the
trial court of jurisdiction.
A counterclaim must be within the
trial court's jurisdiction. Smith v. Clary Corp., 917 S.W.2d 796, 798
(Tex. 1996); see Tex. R. Civ. P. 47(b) ("An original pleading
which sets forth a claim for relief, whether an original petition, counterclaim,
. . . shall contain . . . (b) in all claims for unliquidated damages only the
statement that the damages sought are within the jurisdictional limits of the
court."); Tex. R. Civ. P. 97. A counterclaim is not within the court's
jurisdiction when the amount in controversy exceeds the maximum jurisdictional
limit of the court. Smith, 917 S.W.2d at 798. We must presume in favor
of the trial court's jurisdiction unless lack of jurisdiction affirmatively
appears on the face of the petition. Peek v. Equip. Serv. Co., 779
S.W.2d 802, 804 (Tex. 1989). Jurisdiction is based on the allegations in the
petition concerning the amount in controversy. Cont'l Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 449 (Tex. 1996). However, when a litigant fails to
state a jurisdictional amount in controversy in its petition for recovery, the
trial court is not deprived of jurisdiction. Peek, 779 S.W.2d at 804.
Even though the jurisdictional amount is not established by pleading, a litigant
may recover by proving jurisdiction at trial. Id. Unless it is clear
from the pleadings that the court lacks jurisdiction of the amount in
controversy, it should retain the case and proceed to trial. Id.
Although defective, Appellee's
counterclaim was sufficient to invoke the jurisdiction of the district court. See
id. Prior to trial, Appellant did not file special exceptions requesting
that Appellee re-plead its counterclaim to allege that the amount sought was
within the jurisdictional limits of the trial court or to specify the maximum
amount claimed. See Tex. R. Civ. P. 47. Accordingly, Appellee was
entitled to proceed to trial on its counterclaim and to prove jurisdiction at
trial. See Peek, 779 S.W.2d at 804.
Because the plaintiffs in Peek
had amended their pleadings to allege damages within the jurisdictional limit of
the trial court, the Peek court did not address the situation presented
in the instant case where Appellee never filed a pleading alleging its damages
were within the jurisdictional limit of the trial court and subsequently proved
damages that exceeded the court's jurisdictional limit.
In support of its contention that
Appellee's counterclaim should have been dismissed when Appellee's proof
exceeded the maximum jurisdictional limit of the trial court, Appellant relies
upon two cases which held that because a party's pleadings reflected
the party was seeking damages in excess of the jurisdictional limits, the trial
court did not have jurisdiction. See Smith, 917 S.W.2d at 798;
Kitchen Designs, Inc. v. Wood, 584 S.W.2d 305, 306-07 (Tex. Civ.
App.--Texarkana 1979, writ ref'd n.r.e.). In Smith, the pleadings
established that each separate counterclaim was within the trial court's
jurisdictional limit, and the issue was whether the amount of damages alleged in
all the defendants' counterclaims should be aggregated in determining the trial
court's jurisdiction. 917 S.W.2d at 797-98. In Kitchen Designs, the
specific amount sought by the counterclaimaint's pleadings was in excess of the
trial court's jurisdiction. 584 S.W.2d at 307. We do not find these cases
applicable because they do not address a situation where the counterclaim failed
to allege the claim was within the trial court's jurisdictional limit and the
proof at trial exceeded that jurisdictional limit.
Appellee relies upon the
proposition that where jurisdiction is once lawfully and properly acquired, no
later fact or event can defeat the court's jurisdiction. See Cont'l Coffee,
937 S.W.2d at 449; Flynt v. Garcia, 587 S.W.2d 109, 110 (Tex. 1979).
This general rule applies absent an allegation of bad faith or fraud in invoking
the jurisdiction of the trial court. Cont'l Coffee, 937 S.W.2d at 449.
Appellee asserts that because there is no allegation in the instant case of bad
faith or fraud on the part of Appellee in the filing of its counterclaim seeking
unliquidated damages in an unstated amount, the trial court's jurisdiction
attached upon the filing of the counterclaim, and no subsequent event occurred
to divest the court of jurisdiction.
While we agree with Appellee that
there is no indication of bad faith or fraud on Appellee's part in the filing of
its counterclaim, we disagree that the trial court's jurisdiction attached upon
the filing of Appellee's counterclaim. At trial, the court properly permitted
Appellee to attempt to establish jurisdiction over its counterclaim. However,
the evidence submitted by Appellee actually established that the trial court
lacked jurisdiction because the amount sought by Appellee greatly exceeded the
maximum jurisdictional limit of the court.(2)
Compare Sears, Roebuck & Co. v. Big Bend Motor
Inn, Inc., 818 S.W.2d 542, 544-46 (Tex. App.--Fort Worth 1991, writ denied)
(holding that although pleadings did not allege claim was within maximum
jurisdictional limits of court, evidence at trial established the court's
jurisdiction); City of Mesquite v. Moore, 800 S.W.2d 617,
621 & n.1 (Tex. App.--Dallas 1990, no writ) (holding that although pleadings
did not allege claim was within minimum jurisdictional limits of court, evidence
at trial established the court's jurisdiction).
Because Appellee's evidence at trial established that Appellee's
counterclaim was not within the jurisdictional limits of the trial court, the
court should have granted Appellant's motion to dismiss the counterclaim for
lack of jurisdiction. Thus, we sustain Appellant's sole issue on appeal.
Conclusion
We hold Appellee failed to prove that its counterclaim was within the
trial court's jurisdictional limit. If the trial court lacks jurisdiction over a
counterclaim, the appellate court can make no order other than reversing the
judgment of the court below and dismissing the cause. City of
Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985); Montgomery
Elevator Co. v. Tarrant County, 604 S.W.2d 363, 365 (Tex. Civ. App.--Fort
Worth 1980, no writ). Accordingly, we reverse the judgment of the trial court
and render judgment dismissing Appellee's counterclaim for lack of jurisdiction.
We also render judgment that Appellant is entitled to judgment on its suit on
sworn account in the amount of $81,776.24 and attorney's fees of $15,112.(3)
We remand the case to the trial court for recalculation of pre- and
post-judgment interest and court costs.
 
   
                                                                    PER
CURIAM
 
PANEL A: HOLMAN, DAY, and DAUPHINOT, JJ.
DELIVERED: April 17, 2003

1.  See Tex. R. App. P. 47.4.
2.  Because Appellee sought unliquidated damages, it
could have amended its pleadings to reduce its unliquidated claim to state an
amount of damages within the trial court's jurisdictional limits. See Smith
Detective Agency, Inc. v. Stanley Smith Sec., Inc., 938 S.W.2d 743, 747
(Tex. App.--Dallas 1996, writ denied) (holding that because third amended
counterclaim modified request for unliquidated damages "in an amount not to
exceed the maximum jurisdictional limits of the court and not less than
$95,000," trial court had subject matter jurisdiction over counterclaim); Lucey
v. S.E. Tex. Emergency Physicians Assocs., 802 S.W.2d 300, 304 (Tex.
App.--El Paso 1990, writ denied) ("We can only conclude that the plaintiff
with unliquidated claims which are not severable may nevertheless reduce those
claims and make them for a sum within the court's jurisdiction.")
3.  Without further discussion in its brief, Appellee
states it is entitled to an offset for its claim against Appellant, and that the
entirety of Appellant's jury award is offset by Appellee's jury award. Because
the trial court lacked jurisdiction over Appellee's counterclaim, no offset is
permitted.