H & S SUPPLY V. OSCAR RENDA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-093-CV

H & S SUPPLY COMPANY, INC., APPELLANT

A TEXAS CORPORATION

V.

OSCAR RENDA CONTRACTING, INC., APPELLEE

A TEXAS CORPORATION

------------

FROM PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

We are asked to determine whether Appellee’s counterclaim was within the trial court’s jurisdiction.  We hold it was not, and we reverse and render judgment in favor of Appellant and dismiss Appellee’s counterclaim.

Background

Appellant H & S Supply Company, Inc. filed suit in a Tarrant County Court at Law to collect a sworn account of approximately $80,000 from Appellee Oscar Renda Contracting, Inc.  Appellee obtained a transfer of venue to Denton County Probate Court, which has subject matter jurisdiction up to $100,000.  
See 
Tex. Govt. Code Ann. §§
 
25.0003, 25.0635 (Vernon Supp. 2003).  There, Appellee filed a counterclaim for unliquidated damages, specifying no amount in controversy, and without pleading that the amount was within the court’s jurisdiction.  Appellee’s counterclaim alleged that the prices Appellant had charged for years were not commercially reasonable, were fraudulent, and amounted to deceptive trade practices.

After hearing evidence, the jury found that Appellant was entitled to $81,776.24 on its sworn account claim, but also found Appellant had breached its agreement to charge a reasonable price for its merchandise.  The jury found Appellee was entitled to damages in the amount of $117,500, representing the difference between the price actually charged by Appellant and a reasonable price.  After the trial ended, Appellee moved for entry of judgment, and Appellant moved to dismiss Appellee’s counterclaim on the ground that it exceeded the court’s jurisdiction.  The court denied Appellant’s motion and signed Appellee’s proposed judgment, determining that Appellee was entitled to net damages of $35,723.76 (the difference between $117,500 and $81,776.24), plus net attorney’s fees of $61,969.50, pre- and post-judgment interest, and court costs.

Appellee’s Evidence At Trial

At trial, Oscar Renda testified that the counterclaim filed by his company  was for the difference on the overcharges, “[s]omewhere in the neighborhood of [$]200,000.”  David Lucas, an expert witness who testified on behalf of Appellee, stated he prepared Appellee’s exhibit 44, a ninety-six page written comparison between the prices Appellant charged Appellee and the prices for the same parts from a comparable parts supply business.  This document concludes with a total “claim” of $243,427.77, representing the difference between the price Appellant charged for the listed items, and a commercially reasonable price.  The record does not contain opening or closing arguments of counsel, so we are unable to ascertain what amount Appellee requested that the jury award.  The jury awarded $117,500 as the difference between the price Appellant charged Appellee and the reasonable price of all those parts.

Discussion

In its sole issue, Appellant asserts that when Appellee introduced evidence at trial establishing that the amount of its counterclaim exceeded the maximum jurisdictional limit of the trial court, Appellee “proved itself out of court” and its counterclaim was never within the jurisdictional limit of the trial court.  Therefore, at the end of the trial the trial court should have dismissed Appellee’s counterclaim without prejudice.  Appellee responds that the trial court acquired jurisdiction over Appellee’s counterclaim at the time it was filed seeking unliquidated damages, and nothing occurred at trial to divest the trial court of jurisdiction.

A counterclaim must be within the trial court’s jurisdiction. 
 
Smith v. Clary Corp.,
 917 S.W.2d 796, 798 (Tex. 1996);
 
see
 
Tex. R. Civ. P. 
47(b) (“An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, . . . shall contain . . . (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court.”); 
Tex. R. Civ. P. 
97.  A counterclaim is not within the court's jurisdiction when the amount in controversy exceeds the maximum jurisdictional limit of the court.  
Smith
, 917 S.W.2d at 798
.
  
We must presume in favor of the trial court’s jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition.  
Peek v. Equip. Serv. Co.
, 779 S.W.2d 802, 804 (Tex. 1989). 
 Jurisdiction is based on the allegations in the petition concerning the amount in controversy. 
 Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 449 (Tex. 1996).  However, when a litigant fails to state a jurisdictional amount in controversy in its petition for recovery, the trial court is not deprived of jurisdiction.  
Peek,
 779 S.W.2d at 804.  Even though the jurisdictional amount is not established by pleading, a litigant may recover by proving jurisdiction at trial.  
Id.  
Unless it is clear from the pleadings that the court lacks jurisdiction of the amount in controversy, it should retain the case and proceed to trial.  
Id.

Although defective, Appellee’s counterclaim was sufficient to invoke the jurisdiction of the district court.  
See id.
  Prior to trial, Appellant did not file special exceptions requesting that Appellee re-plead its counterclaim to allege that the amount sought was within the jurisdictional limits of the trial court or to specify the maximum amount claimed.  
See
 
Tex. R. Civ. P. 47.
  
Accordingly, Appellee was entitled to proceed to trial on its counterclaim and to prove jurisdiction at trial.  
See Peek
, 779 S.W.2d at 804.

Because the plaintiffs in 
Peek
 had amended their pleadings to allege damages within the jurisdictional limit of the trial court, the 
Peek
 court did not address the situation presented in the instant case where Appellee never filed a pleading alleging its damages were within the jurisdictional limit of the trial court and subsequently proved damages that exceeded the court’s jurisdictional limit.     

In support of its contention that Appellee’s counterclaim should have been dismissed when Appellee’s 
proof
 exceeded the maximum jurisdictional limit of the trial court, Appellant relies upon two cases which held that because a party’s 
pleadings
 reflected the party was seeking damages in excess of the jurisdictional limits, the trial court did not have jurisdiction.  
See
 
Smith
, 917 S.W.2d at 798; 
Kitchen Designs, Inc. v. Wood
, 584 S.W.2d 305, 306-07 (Tex. Civ. App.—Texarkana 1979, writ ref’d n.r.e.).  In 
Smith
, the pleadings established that each separate counterclaim was within the trial court’s jurisdictional limit, and the issue was whether the amount of damages alleged in all the defendants’ counterclaims should be aggregated in determining the trial court’s jurisdiction.  
917 S.W.2d at 797-98.  In 
Kitchen Designs
, the specific amount sought by the counterclaimaint’s pleadings was in excess of the trial court’s jurisdiction.  584 S.W.2d at 307.  We do not find these cases applicable because they do not address a situation where the counterclaim failed to allege the claim was within the trial court’s jurisdictional limit and the proof at trial exceeded that jurisdictional limit.

Appellee relies upon the proposition that where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court’s jurisdiction.  
See Cont’l Coffee
, 937 S.W.2d at 449; 
Flynt v. Garcia
, 587 S.W.2d 109, 110 (Tex. 1979).  This general rule applies absent an allegation of bad faith or fraud in invoking the jurisdiction of the trial court.  
Cont’l Coffee
, 937 S.W.2d at 449.  Appellee asserts that because there is no allegation in the instant case of bad faith or fraud on the part of Appellee in the filing of its counterclaim seeking unliquidated damages in an unstated amount, the trial court’s jurisdiction attached upon the filing of the counterclaim, and no subsequent event occurred to divest the court of jurisdiction.

While we agree with Appellee that there is no indication of bad faith or fraud on Appellee’s part in the filing of its counterclaim, we disagree that the trial court’s jurisdiction attached upon the filing of Appellee’s counterclaim.  At trial, the court properly permitted Appellee to attempt to establish jurisdiction over its counterclaim.  However, the evidence submitted by Appellee actually established that the trial court lacked jurisdiction because the amount sought by Appellee greatly exceeded the maximum jurisdictional limit of the court.
(footnote: 2)  
Compare Sears, Roebuck & Co. v. Big Bend Motor Inn, Inc.
, 818 S.W.2d 542, 544-46 (Tex. App.—Fort Worth 1991, writ denied) (holding that although pleadings did not allege claim was within maximum jurisdictional limits of court, evidence at trial established the court’s jurisdiction); 
City of Mesquite v. Moore
, 800 S.W.2d 617, 621 & n.1 (Tex. App.—Dallas 1990, no writ) (holding that although pleadings did not allege claim was within minimum jurisdictional limits of court, evidence at trial established the court’s jurisdiction). 

Because Appellee’s evidence at trial established that Appellee’s counterclaim was not within the jurisdictional limits of the trial court, the court should have granted Appellant’s motion to dismiss the counterclaim for lack of jurisdiction.  Thus, we sustain Appellant’s sole issue on appeal.  

       
Conclusion

We hold Appellee failed to prove that its counterclaim was within the trial court’s jurisdictional limit.  If the trial court lacks jurisdiction over a counterclaim, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.  
City of Garland v. Louton
, 691 S.W.2d 603, 605 (Tex. 1985); 
Montgomery Elevator Co. v. Tarrant County
, 604 S.W.2d 363, 365 (Tex. Civ. App.—Fort Worth 1980, no writ).  Accordingly, we reverse the judgment of the trial court and render judgment dismissing Appellee’s counterclaim for lack of jurisdiction.  We also render judgment that Appellant is entitled to judgment on its suit on sworn account in the amount of $81,776.24 and attorney’s fees of $15,112.
(footnote: 3)  We remand the case to the trial court for recalculation of pre- and post-judgment interest and court costs.      

PER CURIAM

PANEL A:  HOLMAN, DAY, and DAUPHINOT, JJ.

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
Because Appellee sought unliquidated damages, it could have amended its pleadings to reduce its unliquidated claim to state an amount of damages within the trial court’s jurisdictional limits.  
See
 
Smith Detective Agency, Inc. v. Stanley Smith Sec., Inc.
, 938 S.W.2d 743, 747 (Tex. App.—Dallas 1996, writ denied) (holding that because third amended counterclaim modified request for unliquidated damages “in an amount not to exceed the maximum jurisdictional limits of the court and not less than $95,000," trial court had subject matter jurisdiction over counterclaim); 
Lucey v. S.E. Tex. Emergency Physicians Assocs.
, 802 S.W.2d 300, 304 (Tex. App.—El Paso 1990, writ denied) (
“We can only conclude that the plaintiff with unliquidated claims which are not severable may nevertheless reduce those claims and make them for a sum within the court's jurisdiction.”)

3:
Without further discussion in its brief, Appellee states it is entitled to an offset for its claim against Appellant, and that the entirety of Appellant’s jury award is offset by Appellee’s jury award.  Because the trial court lacked jurisdiction over Appellee’s counterclaim, no offset is permitted.