Lucie Allen PEEK, et al., Petitioner,

v.

EQUIPMENT SERVICE COMPANY OF SAN ANTONIO, et al., Respondents.

Lucie Allen PEEK, Individually, and as Wife of Clyde Peek, and as Administratrix of the Estate of Clyde Peek, et al., Petitioner,

v.

Burton O. NEESWIG, M.D., Respondent.

Nos. C–8182, C–8426.

Supreme Court of Texas.

Nov. 8, 1989.

W. James Kronzer, Jr., Leslie C. Taylor, R. Gary Stephens, Joe B. Stephens, Houston, for petitioner.

Stephen Dittlinger, Jeffrey C. Anderson, San Antonio, for respondents.

## OPINION

PHILLIPS, Chief Justice.

These cases present the question of whether a plaintiff seeking damages under the wrongful death and survival statutes invokes the jurisdiction of a district court by filing a petition which fails to allege either a specific amount of damages or that the damages sustained exceed the court's minimum jurisdictional limits. The district court held that its jurisdiction was not invoked by such a pleading. Because plaintiffs did not file a pleading properly alleg-

ing damages until after the applicable statute of limitations had run, the district court dismissed the suit. The court of appeals, in two unpublished opinions, affirmed.[1] We reverse the judgments of the court of appeals and remand this consolidated cause to the trial court because the original pleading, although defective, was sufficient to invoke the court's jurisdiction and prevent the running of limitations.

This matter arose out of the murder of Clyde Peek on December 18, 1984. The plaintiffs were Clyde's widow, Lucie Allen Peek, acting in her individual capacity and as representative of Clyde's estate, and Clyde's four surviving children. They brought suit on November 18, 1986, under the wrongful death and survival statutes. Tex.Civ.Prac. & Rem.Code Ann. §§ 71.-001–.003, § 71.021 (Vernon 1986). The Peeks sued six defendants: Marvin Wiley DeBerry, Jr., who shot and killed Peek; Equipment Service Company, DeBerry's employer; Victor J. Weiss, M.D. and Burton O. Neeswig, M.D., two doctors who had treated DeBerry for mental illness; Suzanne Cude, DeBerry's estranged wife; and Oshman's Sporting Goods, Inc., the owner of the store in which DeBerry purchased the murder weapon. The Peeks plead for lost care, nurture, guidance, education, wages in the past and future, pain and suffering, mental anguish, grief, loss of companionship, and loss of enjoyment of life (hedonic damages), together with interest and costs. What they did not plead, however, was the amount of damages sought, either by properly alleging that damages exceeded the minimum jurisdictional limits of the court, see Tex.R.Civ.P. 47(b), or by alleging a sum certain.

The Peeks amended their petition on December 16, 1986, but made no changes in their defective allegations of damages. In a second amended pleading, filed January 14, 1987, the Peeks sought $3,750,000 actual damages and $5,000,000 exemplary damages against the defendants, jointly and severally. This pleading, however, came more than two years after Clyde's death. All defendants except Oshman's Sporting Goods, Inc. filed motions to dismiss, alleging that the Peeks had failed to invoke the jurisdiction of the district court prior to the running of the two-year statute of limitations.[2] Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). The trial court granted these motions at various times, and severance orders were signed so that these judgments became final.[3]

The Peeks timely appealed to the court of appeals, which affirmed the judgments of the trial court in two opinions. From both judgments of the court of appeals, the Peeks applied to this court for writ of error. After granting both writs, we consolidated the two causes for oral argument and decision.

The parties here have assumed the minimum monetary jurisdictional limit of the district court to be $500.00. Although recent constitutional and legislative changes call this assumption into question,[4] we will

1. Respondent Neeswig obtained his judgment of dismissal later than the other defendants. Apparently because of this delay, the court of appeals did not consolidate the Peeks' appeal as to Neeswig with the other appeal, but instead wrote two opinions and rendered two judgments.

2. Defendant Oshman's Sporting Goods, Inc., did not contest the jurisdiction of the court, but instead filed a motion for summary judgment on the merits of the case. This motion was granted by the trial court and affirmed on appeal. *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841 (Tex.App.—San Antonio 1989, writ denied).

3. Following the judgments dismissing their claims, the Peeks refiled in another district court, alleging substantially identical causes of action against defendants Weiss, Equipment Service Company, DeBerry and Cude. The Peeks asserted that limitations had been tolled under section 16.064 of the Civil Practices and Remedies Code because the trial court had dismissed the original action for lack of jurisdiction and suit had been refiled within sixty days. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986). As we have concluded that the Peeks' original petition invoked the jurisdiction of the trial court, we need not pass on the Peeks' argument under section 16.064.

4. The minimum monetary limit was formerly found in article V, section 8 of the Texas Constitution and article 1906 of the Texas Revised Civil Statutes. Both limited the jurisdiction of the district court to controversies involving at

also assume, for purposes of our decision, that the jurisdiction of the district court does not extend to controversies involving sums of less than $500.00.

In this case, all parties agree that the trial court's jurisdiction was invoked not later than the filing of the Peeks' second amended petition. The respondents, however, argue that the Peeks did not invoke jurisdiction by the first two pleadings, and hence did not obtain jurisdiction until after limitations had run. The Peeks, on the other hand, assert that their original petition did invoke the trial court's jurisdiction. Although the petition did not expressly allege that the amount sought was within the court's jurisdiction, neither did anything in the petition suggest that the court lacked jurisdiction. In fact, the Peeks argue that the nature of the loss sustained and the claims asserted made it absolutely apparent that plaintiffs sought damages far in excess of five hundred dollars.

The court of appeals held, however, that the Peeks' claims were time barred because the second amended petition, which alleged sufficient jurisdictional facts, was not filed prior to the expiration of limitations. In so holding, the court of appeals rejected the Peeks' theory that their second amended petition should relate back to the date of original filing. Instead, the court concluded that a petition which does not affirmatively state that the amount in controversy is above the minimum monetary jurisdiction of the district court is, in effect, no pleading.

In reaching this conclusion, the court relied heavily on our decision in *Richardson v. First National Life Insurance Co.*, 419 S.W.2d 836 (Tex.1967). In that case, Richardson sued for breach of contract, alleging in his petition that he believed that "at least the amount of $314.37" was due to him, and also seeking an accounting and general relief. *Id.* at 837. The defendant attacked Richardson's pleading with special exceptions and, after Richardson failed to amend, the trial court dismissed his claim. The court of appeals and this court both affirmed. We held that because Richardson had specifically pleaded an amount under the minimum jurisdiction of the district court, he could not rely on his more general allegations to sustain jurisdiction. *Id.* at 839. Richardson, in effect, pleaded himself out of court.

█ In the instant case, however, the Peeks' original and first amended petitions did not affirmatively demonstrate an absence of jurisdiction. Under these circumstances, a liberal construction of the pleadings is appropriate. As we wrote in *Pecos & Northern Texas Railway Co. v. Rayzor*, 106 Tex. 544, 548, 172 S.W. 1103, 1105 (1915): "In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction." Unless it is clear from the pleadings that the court lacks jurisdiction of the amount in controversy, it should retain the case. *Dwyer v. Bassett & Bassett*, 63 Tex. 274, 276 (1885). As one court recently said: "[W]e must presume in favor of the jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition." *Smith v. Texas Improvement Co.*, 570 S.W.2d 90, 92 (Tex.Civ.App.—Dallas 1978, no writ).

█ The failure of a plaintiff to state a jurisdictional amount in controversy in its petition, without more, thus will not deprive the trial court of jurisdiction. *See* W. Dorsaneo, 1 *Texas Litigation Guide* § 11.02(4)(a) (1989); Newton, *Conflict of Laws*, 33 Sw.L.J. 425, 431–32 (1979). Even if the jurisdictional amount is never established by pleading, in fact, a plaintiff may recover if jurisdiction is proved at trial. Dorsaneo, *supra*, § 2.01(4)(b); 2 R. McDonald, *Texas Civil Practice in District*

---

least $500.00. In 1985, however, this provision of the constitution was amended to delete any reference to the minimum monetary jurisdiction of the district court. Also in 1985, article 1906 was repealed and recodified with the enactment of the Government Code. In the recodification of article 1906, the legislature deleted the specific description of district court jurisdiction, including the minimum monetary limit of

$500.00. Tex.Gov.Code Ann. § 24.007 (Vernon 1988). One commentator has suggested that a $500.00 minimum remains a limitation on the jurisdiction of the district courts despite its removal from the constitution and statute. *See* W. Dorsaneo, 1 *Texas Litigation Guide* § 2.01[3][b][ii] (1989). We do not decide this question because it is not necessary to our decision in this matter.

*and County Courts* § 6.09.1 (rev.1982). This result is consistent with our holdings in cases when a plaintiff has failed to plead facts which state a cause of action. Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment. *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974), *Killebrew v. Stockdale*, 51 Tex. 529, 532 (1879); *Southern Sur. Co. v. Sealy I.S.D.*, 10 S.W.2d 786, 789 (Tex.Civ.App.—Austin 1928, writ ref'd). And unless defendant objects, the plaintiff may proceed to trial, however defective its allegations. So it is here. In the absence of special exceptions or other motion, defendant waives the right to complain of such a defect if plaintiff establishes the trial court's jurisdiction before resting its case. See *Olivares v. Service Trust Co.*, 385 S.W.2d 687 (Tex.Civ. App.—Eastland 1964, no writ).[5]

██ In summary, we hold that the omission of any allegation regarding the amount in controversy from plaintiff's petition did not deprive the court of jurisdiction, but was instead a defect in pleading subject to special exception and amendment. Although defective, the original petition filed in this cause was sufficient to invoke the jurisdiction of the district court. The court of appeals therefore erred in affirming the judgments of dismissal, as the Peeks amended their petition and cured the defect prior to the rendition of the judgments which dismissed their claims. Accordingly, the judgments of the court of appeals are reversed and the causes remanded to the trial court for further proceedings.

---

5. Respondent Weiss asserts that he is entitled to a dismissal because he filed special exceptions to plaintiffs' original petition, to which plaintiffs responded by repleading without alleging any additional jurisdictional facts as to damages. Prior to the hearings on Weiss' special exceptions and Weiss' motion to dismiss and the signing of the order of dismissal, however, the Peeks amended their pleadings to properly allege damages. Under these facts, Weiss was not entitled to have his motion to dismiss granted.