Opinion issued March 13, 2003


 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00835-CV

____________


PATRICK LEE MULLINS, Appellant


V.


ESTELLE HIGH SECURITY, Appellee






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21,360






MEMORANDUM OPINION

 Appellant appeals from an order, signed November 20, 2001, dismissing his 
case with prejudice. Texas Rules of Appellate Procedure 26.1 provides, with certain
exceptions, that to perfect an appeal, an appellant must file his notice of appeal within
30 days of the signing of the order appealed from. Appellant did not file his notice
of appeal within that time period or within the additional 15-day grace period
provided for in Texas Rule of Appellate Procedure 26.3.

 Texas Rule of Appellate Procedure 26.1(a),(1)-(4) extends the time for
filing the notice of appeal to 90 days from the date of the signing of the order
appealed from if certain post-trial motions are filed. It is unclear from the clerk's
record whether appellant timely filed such a motion. (1) If such a motion was filed, in
this case, it would have extended the time for filing the notice of appeal to February
18, 2002.

 The clerk's record contains a notice of appeal that is not file marked by the
District Clerk, but, in appellant's handwriting, is dated March 19, 2002. The only
file-marked notice of appeal in the clerk's record is one dated July 19, 2002. Because
from the clerk's record it appears that no notice of appeal was filed by February 18,
2002, the latest date a notice of appeal could have been filed, the Court is without
jurisdiction to consider this appeal.

 On January 16, 2003, we issued an order advising appellant that unless by
February 10, 2003, he demonstrated that this Court had jurisdiction to consider this
appeal, it would be dismissed. Appellant has filed a response to our January 16 order. 
From the response, it is difficult to understand if appellant thinks his notice of appeal
was untimely filed because he was prevented from preparing it by Estelle High
Security employees witholding his personal property from him or because he prepared
a timely notice of appeal, but the Estelle High Security employees seized or destroyed
it. However, either explanation is legally unavailing. The only showing appellant
could have made that would have invoked this Court's jurisdiction is that he timely
filed the notice of appeal or that he filed a notice of appeal within 15 days of the
deadline for its filing and gave this Court a reasonable explanation for the late filing. 
We are forbidden from altering the time for perfecting an appeal in a civil case. 
Kinnard v. Carnahan, 25 S.W.3d 266, 269 (Tex. App.--San Antonio 2000, no pet.).

 Appellant cites Peek v. Equip. Serv. Co., 779 S.W.2d 802, 805 (Tex. 1989) 
for the proposition that an appellate court must overrule motions to dismiss an appeal
unless it is clear from the pleadings that the court lacks jurisdiction. Peek actually
addresses the question whether a plaintiff seeking damages under the wrongful death
and survival statutes invokes the jurisdiction of a district court by filing a petition that
fails to allege either a specific amount of damages or that the damages sustained
exceed the court's minimum jurisdictional limits. Id. at 802. Because Peek does not
address the jurisdiction of an appellate court to entertain an appeal in which the notice
of appeal was not timely filed, it does not apply to this case. Similarly, Fireman's
Ins. Co. v. Board of Regents, 909 S.W.2d 540, 542 (Tex. App.--Austin 1995, writ
denied) and Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d 440 (Tex. 1993),
the other two cases cited by appellant, do not address the significance of late-filed
notices of appeal on appellate court jurisdiction either. Accordingly, they are
likewise inapplicable to this case.

 We dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.4
1. The clerk's record contains a "Plaintiff's Motion to Modify Judgment" marked
"RECEIVED 12/18/01," but it is not marked "filed."