COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PAUL HENDERSON,                                          )

                                                                              )              
No.  08-02-00058-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
143rd District Court

TEXAS DEPARTMENT OF                                )

TRANSPORTATION,                                          )            
of Reeves County, Texas

                                                                              )

Appellee.                           )            
(TC# 01-03-17027-CVR)

                                                                              )

 

 

MEMORANDUM   OPINION

 

Appellant, Paul
Henderson, sued his employer, the Texas Department of Transportation (the ADepartment@)
under the Texas Whistle Blower Act.  The
trial court dismissed the cause for want of subject matter jurisdiction.  The single issue is:  When an employee reports illegal activity to
his superiors and refuses to participate in that activity, and is demoted as a
result, is the case properly before the court as a whistle blower
violation?  We affirm.








Appellant was the
Pecos Area Engineer for the Texas Department of Transportation.  As part of his duties, he was responsible for
overseeing a project referred to as the ASH
115 project.@  Appellant and his supervisor disagreed about
how the project should be handled.  In
particular, Appellant=s
supervisor wanted a one-mile portion of the road to be torn up and redone by
the contractor.  Appellant believed that
some minor corrective action would be adequate. 
Appellant felt his supervisor=s
proposed action would constitute harassment of the contractor.  Appellant was subsequently demoted.  

Appellant filed
suit against the department several months after his demotion.  In the interim, the Department had taken the
action against which Appellant advised. 
The State filed a motion to dismiss based on lack of subject matter
jurisdiction.  The trial court granted
the motion and dismissed the case.

A plea to the jurisdiction
is a dilatory plea by which a party challenges the trial court=s authority to determine the subject
matter of the cause of action.  See
Texas Dept. of Transportation v. Jones, 8 S.W.3d 636, 637-38 (Tex. 1999); City
of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.App.--El Paso 2000, pet. dism=d w.o.j.).  Its purpose is Ato
defeat a cause of action without regard to whether the claims asserted have
merit.@  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Because the
existence of subject-matter jurisdiction is a question of law, the trial court=s ruling on a plea to the jurisdiction
is reviewed under a de novo standard. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Sullivan,
33 S.W.3d at 6.








The plaintiff has
the burden to allege facts affirmatively demonstrating the subject-matter
jurisdiction of the trial court.  Tex.
Ass=n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  The lower court is required to construe
liberally the allegations in favor of jurisdiction unless the face of the
petition affirmatively establishes a lack of jurisdiction.  Peek v. Equip. Serv. Co. of San Antonio,
779 S.W.2d 802, 804 (Tex. 1989).  Thus,
dismissal of  a cause of action for lack
of subject-matter jurisdiction is proper only when it is impossible for the
plaintiff=s
petition to confer jurisdiction on the trial court.  TRST Corpus, Inc. v. Financial Ctr., Inc.,
9 S.W.3d 316, 320 (Tex.App.--Houston [14th Dist.] 1999, pet. denied).

On appellate review
of a trial court=s
dismissal for want of jurisdiction, we construe the pleadings in favor of the
plaintiff and look to the pleader=s
intent.  Tex. Air Control Bd., 852
S.W.2d at 446.  We may consider a
plaintiff=s
pleadings, assertions of fact, and any evidence submitted by the parties
relevant to the jurisdictional issue.  Tex.
Dept. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); Jones,
8 S.W.3d at 639.  Our task is to
determine whether Appellant pleaded a claim that appropriately invoked the
trial court=s
jurisdiction.  The reviewing court should
not address the merits of the case.  Blue,
34 S.W.3d at 554.  Instead, this Court
must decide whether the facts as alleged support jurisdiction in the trial
court.  University of Tex. Med. Branch
of Galveston v. Hohman, 6 S.W.3d 767, 771 (Tex.App.--Houston [1st Dist.]
1999, pet. dism=d
w.o.j.).

The Texas Whistle
Blower Act prohibits a state or local governmental entity from taking adverse
personnel action against Aa
public employee who in good faith reports a violation of law by the
employing governmental entity or another public employee to an appropriate law
enforcement authority.@  Tex.Gov=t Code Ann. '
554.002(a)(Vernon Supp. 2003).  Section
554.002(b) of the Whistle Blower Act further provides:

(b)        In this section, a report is made to an
appropriate law enforcement authority if the authority is a part of a state or
local governmental entity or of the federal government
that the employee in good faith believes is
authorized to: 

(1)        regulate under or enforce the law
alleged to be violated in the report; or 








(2)        investigate or prosecute a violation of
criminal law.

 

Tex.Gov=t Code Ann. '
554.002(b).

In this case,
Appellant told his supervisor that a proposed action Awould
be a blatant act of harassment@
towards a contractor hired by the Department. 
Appellant maintains this constitutes a report of a violation of law to
an appropriate law enforcement authority under Section 554.002.  We first consider whether the Texas
Department of Transportation is an appropriate law enforcement authority for
the purposes of this claim.








Appellant contends
the actions urged by his supervisor constitute Ablatant
harassment.@  He alleges the action is illegal under
Sections 39.02 and 7.02(a)(3) of the Penal Code.  So the question is whether the Texas
Department of Transportation has the authority to regulate under, enforce,
investigate, or prosecute a violation of Sections 39.02 and 7.02(a)(3) of the
Texas Penal Code.  Under the Whistle
Blower Act, it is not enough that a government entity has general authority or
power to regulate, enforce, investigate, or prosecute.  Texas Department of Transportation v.
Needham, 82 S.W.3d 314, 319 (Tex. 2002). 
The particular law the public employee reported violated is critical to
the determination of whether the prerequisites of the Act were met.  Needham, 82 S.W.3d at 320.  Here, after analyzing the reported violation
of law, we conclude that this agency was not an appropriate law enforcement
authority.  The Texas Department of
Transportation has no authority to regulate under or enforce Sections 39.02 and
7.02(a)(3).  Nor does it have authority
to investigate or prosecute these criminal laws.  At most, the agency has authority to regulate
and investigate its employees=
conduct only to carry out its internal disciplinary process procedures.  An agency=s
internal disciplinary power does not bring it within the ambit of serving as Aan appropriate law enforcement
authority@ under
the Whistle Blower statute.  Needham,
82 S.W.3d at 320.  Accordingly, Appellant
has failed to meet a fundamental element of the act because he did not report a
violation of law to an appropriate law enforcement agency.

However, our
conclusion that the Texas Department of Transportation is not a governmental
entity authorized to regulate under, enforce, investigate, or prosecute
Sections 39.02 and 7.02(a)(3) of the Texas Penal Code does not end our
analysis.  Appellant may still obtain
protection under the Whistle Blower Act if he in good faith believed that the
Texas Department of Transportation was an appropriate law enforcement authority
as the statute defines the term.  See
Tex.Gov=t
Code Ann. '
554.002(b).

The Texas Supreme
Court has defined Agood
faith@ under
the Act as:

(1)        the employee believed the governmental
entity was authorized to (a) regulate under or enforce the law alleged to be violated
in the report, or (b) investigate or prosecute a violation of criminal law; and

 

(2)        the employee=s
belief was reasonable in light of the employee=s
training and experience.

 

Needham, 82 S.W.3d at
321.  Here, the Appellant adduced no such
evidence in his pleadings or at the hearing on the motion to dismiss.  He has not addressed this issue on appeal;
and after reviewing the full record on appeal, we find no evidence to support a
finding that Appellant had a good faith belief that the Texas Department of
Transportation was an appropriate law enforcement authority under the Whistle
Blower Act to report a violation of Sections 39.02 and 7.02(a)(3) of the Penal
Code.  Thus, the trial court=s dismissal for want of jurisdiction
was appropriate.  Appellant=s issue on appeal is overruled.

 








We affirm the
judgment of the lower court.  

 

July
24, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.)(Sitting by Assignment)