COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-269-CV
  
  
JOHNNY LEVATTE                                                                APPELLANT
 
V.
  
THE CITY OF WICHITA FALLS,                                                  APPELLEE
TEXAS A MUNICIPALITY, A MUNICIPAL
CORPORATION, A GOVERNMENTAL
ENTITY
 
 
------------
 
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        In 
this appeal, Appellant Johnny Levatte argues in one issue that the trial court 
erred in granting the amended plea to the jurisdiction filed by Appellee The 
City of Wichita Falls, Texas (“City”).  We will affirm.
I. Factual Background and Procedural History
        On 
February 2, 1999, the City passed Ordinance No. 8-99 to demolish dangerous 
structures at 1702 Fairfax, lot 29A, Replat McKenzie Knight Addition, Less West 
75 x 120' in Wichita Falls, Texas. Levatte, the owner of the property, filed a 
“petition for temporary injunction and further relief” on November 15, 1999. 
He also filed an “application for ex parte temporary restraining order” to 
prevent the demolition, which the trial court granted on November 15, 1999. On 
November 19, 1999, the City filed its original answer and plea to the 
jurisdiction, and following hearings on the plea, the court granted the City’s 
plea. Levatte did not appeal that dismissal order.
        On 
January 3, 2001, the City demolished the structures owned by Levatte at 1702 
Fairfax. On December 30, 2002, Levatte filed a second suit against the City 
alleging that it had “illegally, arbitrarily and unconstitutionally” passed 
an ordinance authorizing the demolition of certain buildings and structures on 
his property and had bulldozed or caused to be bulldozed and destroyed these 
structures and buildings, damaging Levatte in excess of one hundred thousand 
dollars. Levatte alleged one cause of action:
 
VI. Cause of Action
  
Defendant, 
through its acts and omissions of January 3, 2001 in Wichita County, Texas 
violated Plaintiff’s rights under the 5th and 14th 
Amendments to the United States Constitution which provides that no person shall 
be deprived of property without due process of law. Plaintiff’s Constitutional 
rights were violated in the above regard and it was an unconstitutional taking 
of Plaintiff’s property.
 
 
The City filed its 
original answer, plea to the jurisdiction, affirmative defenses, and motion for 
sanctions on January 27, 2003.
        On 
March 12, 2003, the court conducted a hearing on the City’s plea to the 
jurisdiction, at which the City argued that the previous suit had been dismissed 
because Levatte had not exhausted administrative remedies under Texas Local 
Government Code section 214.0012 before demolition by seeking review of the City 
Council’s decision and that he was still required to exhaust those remedies 
after demolition of the property. See Tex. Loc. Gov’t Code Ann. § 214.0012 
(Vernon Supp. 2004). Levatte argued that his current suit raised a new claim of 
the violation of his constitutional rights under the Fifth and Fourteenth 
Amendments of the United States Constitution that had not been litigated and 
that he was not required to exhaust administrative remedies to raise such a 
federal cause of action. The trial court asked both sides for further briefing 
on the issue of exhaustion of administrative remedies as a prerequisite to 
bringing a federal constitutional claim.
        The 
City responded by filing an amended plea to the jurisdiction and a brief in 
support of that plea. The City characterized Levatte’s claim under the Fifth 
and Fourteenth Amendments to the United States Constitution as being brought 
pursuant to section 1983 of title 42 of the United States Code. See 42 
U.S.C. § 1983 (West 2003).[1]  The City conceded 
that the United States Supreme Court held, in Williamson County Regional 
Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 193-94 
& n.13, 105 S. Ct. 3108, 3120 & n.13 (1985), that exhaustion of 
administrative remedies was not required before a party could assert such an 
action based on a “taking” without just compensation under the Fifth 
Amendment.  But the City argued that the trial court still lacked 
jurisdiction based on the Supreme Court’s further holding in Williamson 
County that a federal constitutional claim for a “taking” is not ripe 
until the property owner has availed himself of available state remedies to seek 
and obtain just compensation.  Id. at 194-95, 105 S. Ct. at 
3120-21.  The City urged that Levatte’s federal takings claim was not 
ripe because the previous suit filed prior to the demolition did not seek 
compensation and he retained an available state remedy for inverse condemnation 
pursuant to the Texas Constitution for just compensation for a “taking” of 
his property, which he had not pursued.  See Tex. Const. art. I, § 17. Levatte did 
not respond to the City’s plea or brief.
        Thereafter, 
on July 16, 2003, the trial court conducted a hearing on the City’s amended 
plea to the jurisdiction. The City presented its arguments to the court, again 
urging that Levatte’s suit was not ripe and, therefore, that the trial court 
lacked jurisdiction because he had not sought compensation through an inverse 
condemnation claim under state law. The attorney for the City acknowledged at 
the hearing that case law provided three ways for Levatte to proceed: by filing 
a state court suit asserting both state and federal “takings” claims in the 
same suit, by filing a separate state “takings” action for inverse 
condemnation first, or by filing two suits and having the federal claim abated 
until the state constitutional claim had been concluded.
        Levatte 
requested that he be given the opportunity to amend his pleadings and to respond 
before the trial court dismissed the case. The trial court asked the City to 
provide further briefing, and it gave Levatte until August 11, 2003 to research 
the City’s arguments and to respond. The City filed a letter brief on July 30, 
2003 and provided a hand-delivered copy of the brief to Levatte’s counsel, but 
Levatte did not respond to the letter brief or amend his pleadings. On August 
13, 2003, the trial court granted the City’s amended plea to the jurisdiction.
II. Trial Court’s Subject Matter Jurisdiction
        A.     Standard 
of Review
        “Ripeness 
is an element of subject matter jurisdiction.” Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999). 
“Subject matter jurisdiction is never presumed and cannot be waived.” Tex. 
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). 
The question of subject matter jurisdiction is a legal question, which we review 
de novo. Mayhew, 964 S.W.2d at 928. The absence of subject matter 
jurisdiction may be raised by a plea to the jurisdiction, as the City has done 
in this case. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 
S.W.3d 217, 232 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 
547, 554 (Tex. 2000).
        B.     Plea to 
the Jurisdiction
        A 
plea to the jurisdiction is a dilatory plea by which a party challenges a 
court’s authority to determine the subject matter of an action. Bland, 
34 S.W.3d at 554. The purpose of a dilatory plea is not to force the plaintiff 
to preview his or her case on the merits but to establish a reason why the 
merits should never be reached. Id. Thus, our task is not to decide the 
merits of Levatte’s case but rather to examine the claim in his pleadings, 
taking as true the facts pled, to determine whether those facts support 
jurisdiction in the trial court. See Penley v. Westbrook, No. 
2-02-260-CV, 2004 WL 1119361, at *5 (Tex. App.—Fort Worth May 20, 2004, no 
pet. h.).
        “When 
a plea to the jurisdiction challenges the pleadings, we determine if the pleader 
has alleged facts that affirmatively demonstrate the court’s jurisdiction to 
hear the cause.”  Miranda, 133 S.W.3d at 226; see also Tex. 
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); 
Bland, 34 S.W.3d at 555. We must construe the pleadings in the 
plaintiff’s favor and look to the pleader’s intent. Miranda, 133 
S.W.3d at 226; County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 
2002); Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).
        C.     Application 
of the Law to the Facts
        In 
one issue, Levatte complains that the trial court erred in granting the City’s 
amended plea to the jurisdiction. The City asserts that, because Levatte failed 
to seek just compensation through an inverse condemnation action under Texas law 
or to assert that such procedures were unavailable or inadequate, Levatte’s 
federal takings claim against the City is not ripe under Williamson, 473 
U.S. at 194-95, 105 S. Ct. at 3120-21. Thus, the City argues that the trial 
court properly dismissed Levatte’s federal takings claim for lack of 
jurisdiction. Levatte contends that his pre-demolition lawsuit, which was filed 
and disposed of by dismissal in the district court in 1999, constituted a 
sufficient request for and denial of just compensation for the alleged wrongful 
taking of Levatte’s property before the demolition.
        Because 
the City challenged Levatte’s pleadings and not the existence of 
jurisdictional facts, we examine his petition to determine whether it contains 
sufficient facts to affirmatively demonstrate the trial court’s jurisdiction. See 
Miranda, 133 S.W.3d at 226; see also Mayhew, 964 S.W.2d at 928; Coble 
v. City of Mansfield, 134 S.W.3d 449, 458 (Tex. App.—Fort Worth 2004, no 
pet.).
        The 
Fifth Amendment of the United States Constitution states, “[N]or shall private 
property be taken for public use without just compensation” and is made 
applicable against the states via the Fourteenth Amendment. U.S. Const. amends. V, XIV; Chicago, 
B. & Q. R. Co. v. City of Chicago, 166 U.S. 226, 239, 241, 17 S. Ct. 
581, 585-86 (1897).[2] In Williamson County, 
the Supreme Court interpreted the clause to mean that no “takings” 
constitutional violation occurs until “just compensation” has been denied. 
473 U.S. at 194, 105 S. Ct. at 3120.  “[I]f a State provides an adequate 
procedure for seeking just compensation, the property owner cannot claim a 
violation of the Just Compensation Clause until it has used the procedure and 
been denied just compensation.”  Id. at 195, 105 S. Ct. at 
3121.  “A takings claim is not ripe until the claimant has unsuccessfully 
sought compensation from the state.”  Samaad v. City of Dallas, 
940 F.2d 925, 933 (5th Cir. 1991).
        It 
is well established that a “a federal takings claim does not ripen until just 
compensation is denied” and that, “for a federal takings claim to become 
ripe, the plaintiff is required to seek compensation through the procedures the 
state has provided unless those procedures are unavailable or inadequate.” Vulcan 
Materials Co. v. City of Tehuacana, 238 F.3d 382, 385 (5th Cir. 2001) 
(citing Williamson County, 473 U.S. at 194-95, 105 S. Ct. at 3120-21); Flower 
Mound, 135 S.W.3d 646 (citing Williamson County, 473 U.S. at 194-95, 
105 S. Ct. at 3120-21); see also Palazzalo v. Rhode Island, 533 U.S. 606, 
618, 121 S. Ct. 2448, 2458 (2001); Guetersloh v. State, 930 S.W.2d 284, 
289-90 (Tex. App.—Austin 1996, writ denied), cert. denied, 522 U.S. 
1110 (1998). As one commentator has noted, “[t]he rationale behind this 
finality requirement is that a landowner must utilize the procedures for 
obtaining compensation prior to bringing any [federal “takings”] 
action because the state’s action is not complete until the state fails to 
provide an adequate post-deprivation remedy.” Philip K. Hartmann & Stephen 
J. Smith, 42 U.S.C. § 1983: First Stop--State Court (Sometimes), 35 Urb. Law. 719, 720 (2003) (emphasis 
supplied).
        Texas 
provides an “adequate procedure for seeking just compensation” for a 
regulatory taking, such as the demolition of Levatte’s property, through an 
inverse condemnation action under article I, section 17 of the Texas 
Constitution. Tex. Const. art. I, 
§ 17; Flower Mound,135 S.W.3d 646; see also Patel v. City of Everman, 
No. 12-02-00174-CV, 2004 WL 1192446, at *3-4 (Tex. App.—Tyler May 28, 
2004, no pet. h.) (holding, in a summary judgment case, plaintiff’s evidence 
raised a genuine issue of material fact as to whether demolition of buildings by 
city ordinance in exercise of police power constituted “taking” allowing 
inverse condemnation suit for compensation under Texas Constitution); John 
Corp. v. City of Houston, 214 F.3d 573, 580-81 (5th Cir. 2000) (affirming 
dismissal of federal takings claims involving demolition of buildings where 
plaintiffs’ claims were not ripe under Williamson County); Samaad, 
940 F.2d at 935 (holding procedures available in Texas state courts for 
obtaining just compensation under Texas Constitution are “adequate”).
        We 
agree with the City that Levatte’s 1999 pre-demolition suit for injunctive 
relief, which was dismissed prior to the alleged wrongful taking of Levatte’s 
property in 2001, was not sufficient to satisfy the prerequisite of a request 
for and denial of just compensation under state law. See Williamson 
County, 473 U.S. at 195, 105 S. Ct. at 3121 (stating that Fifth Amendment 
does not require payment before the taking occurs); Flower Mound, 135 
S.W.3d 646. Further, we agree with the City that Levatte’s pleadings in this 
case, construed liberally, cannot be construed as raising a takings claim for 
inverse condemnation under the Texas Constitution, nor may they be construed as 
a reservation of his federal-law claim under Guetersloh. 930 S.W.2d at 
290 (describing means for plaintiff to bring state-law takings claims, while 
reserving the right to litigate the federal-law claim); see also John Corp., 
214 F.3d at 581 n.13 (stating plaintiffs whose section 1983 federal takings 
claims had been dismissed might be able to avail themselves of the process 
outlined in Guetersloh). In the section of his petition titled “Cause 
of Action,” Levatte alleged only that the City “violated his rights under 
the 5th and 14th Amendments to the United States 
Constitution.” In the next sentence, he specifically states that his 
”Constitutional rights were violated in the above regard and it was an 
unconstitutional taking of Plaintiff’s property.”
        We 
are unable to construe the term “taking” in Levatte’s pleading broadly 
enough to implicitly include a takings claim under the Texas Constitution 
because, in the preceding sentence, Levatte specifically referenced only the 
United States Constitution as the basis upon which he sought relief. In short, 
giving a liberal construction to Levatte’s pleadings, he raised one claim—a 
federal takings claim under the Fifth and Fourteenth Amendments to the United 
States Constitution. Because Levatte did not bring a claim under article I, 
section 17 of the Texas Constitution, we are constrained to hold that his 
federal takings claim was not ripe for adjudication. See Tex. Const. art. I, § 17; Williamson 
County, 473 U.S. at 195, 105 S. Ct. at 3121; Flower Mound, 135 S.W.3d 
646; see also John Corp., 214 F.3d at 580-81.
        In 
determining whether the trial court erred in dismissing Levatte’s federal 
takings claim, Miranda states that “[i]f the pleadings do not contain 
sufficient facts to affirmatively demonstrate the trial court[’]s jurisdiction 
but do not affirmatively demonstrate incurable defects in jurisdiction, the 
issue is one of pleading sufficiency and the plaintiffs should be afforded the 
opportunity to amend.” 133 S.W.3d at 226-27. A trial court may grant a plea to 
the jurisdiction without allowing the pleader an opportunity to amend if the 
pleadings negate the existence of jurisdiction. Id.
        The 
City argues that Levatte should not be given an opportunity to amend because the 
statute of limitations would bar his state-law takings claim. Levatte did not 
respond to this argument when the City raised it during the July hearing on its 
plea to the jurisdiction, and he does not request an opportunity to amend his 
pleadings in his appellate brief. It appears that a state-law takings claim 
under article I, section 17 of the Texas Constitution is governed by the 
ten-year statute of limitations for adverse possession, rather than the two-year 
statute, as contended by the City. See Patel, 2004 WL 1192446 at 
*8.  However, we need not reach this issue.
        We 
observe that the City cited federal cases applying Williamson County’s 
ripeness doctrine and pointed out the Guetersloh process for reservation 
of federal-law claims in its trial brief, which the City filed before the 
July 16 hearing on its amended plea to the jurisdiction. In addition, during the 
hearing, the City discussed Guetersloh’s process to reserve federal-law 
claims. Even with this knowledge of Guetersloh, Levatte did not amend his 
pleadings to include a state-law claim or otherwise avail himself of the Guetersloh 
procedure after the trial court gave him an opportunity to respond.
        Indeed, 
as we stated above, Levatte himself asked the trial court during the July 
16, 2003 hearing for an opportunity to cure his pleadings or to otherwise 
respond to the City’s arguments. The court gave him until August 11, 2003 to 
respond to the City’s arguments and further filings or to amend his pleadings. 
The City filed a letter brief on July 30, 2003, but Levatte did not respond, 
choosing instead to stand on his pleadings.
        Thus, 
when the trial court dismissed Levatte’s suit on August 13, two days after the 
deadline it had given him to amend his pleadings, it had already given him ample 
opportunity to amend to assert the state-law claim or to avail himself of Guetersloh’s 
process. Finally, we note that Levatte has not requested an additional 
opportunity to amend in his brief on this appeal. We cannot say that Levatte 
should be permitted to amend his pleadings now, after he already had that 
opportunity and failed to avail himself of it. See Harris County v. Sykes, 
136 S.W.3d 635, 639-40 (Tex. 2004) (“If a plaintiff has been provided a 
reasonable opportunity to amend after a governmental entity files its plea to 
the jurisdiction, and the plaintiff’s amended pleading still does not allege 
facts that would constitute a waiver of immunity, then the trial court should 
dismiss the plaintiff’s action.”). We hold that Levatte is not entitled to a 
remand for an additional opportunity to amend his pleadings. See id. We 
overrule Levatte’s sole point.
III. Conclusion
        Having 
overruled Appellant’s sole point, we affirm the trial court’s order granting 
the City’s amended plea to the jurisdiction.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: August 5, 2004


NOTES
1.  
Section 1983 of title 42 of the United States Code provides in pertinent part:
Every 
person who, under color of any statute, ordinance, regulation, custom, or usage, 
of any State . . . subjects, or causes to be subjected, any citizen of the 
United States or other person within the jurisdiction thereof to the deprivation 
of any rights, privileges, or immunities secured by the Constitution and laws, 
shall be liable to the party injured in an action at law.
42 U.S.C. § 1983; see 
also City of Fort Worth v. Robles, 51 S.W.3d 436, 443 (Tex. App.—Fort 
Worth 2001, pet. denied) (stating that section 1983 does not create substantive 
rights but provides a remedy for the deprivation of federal rights established 
elsewhere).
2.  
The Fifth Amendment prohibits the taking of property without just compensation, 
but it does not require payment before the taking occurs.  Town of 
Flower Mound v. Stafford Estates Ltd. P’ship, 135 S.W.3d 620, 645 (Tex. 
2004) (citing Williamson County, 473 U.S. at 195, 105 S. Ct. at 3121).