COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-397-CV
  
  
CITY 
OF WILLOW PARK                                                         APPELLANT
  
V.
  
SQUAW 
CREEK DOWNS, L.P.                                                    APPELLEE
  
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION
 
------------
I.      Introduction
        In 
this case of first impression, we must decide whether a district court has 
jurisdiction over a rule 202 presuit discovery petition that concerns in part a 
dispute over which the legislature has conferred exclusive jurisdiction on a 
municipality and an administrative agency. Because we hold that the trial court 
does have jurisdiction under the facts presented by this case, we affirm the 
trial court’s order denying the City of Willow Park’s plea to the 
jurisdiction.
II.     Factual 
and procedural background
        Parker 
County’s Squaw Creek Downs, L.P. owns real property within the City of Willow 
Park and is served by Willow Park’s municipal water and sewer utilities. 
Willow Park refused to provide water service to Squaw Creek because of allegedly 
unpaid water service charges. Willow Park also filed a lien against Squaw 
Creek’s property for the unpaid charges. Squaw Creek disputes the validity of 
the charges and the lien.
        Squaw 
Creek filed a rule 202 petition in the Parker County district court seeking 
permission to depose various Willow Park officials. Willow Park filed a plea to 
the jurisdiction. The district court denied the plea, and Willow Park filed this 
appeal.
        In 
its sole issue, Willow Park asserts that the trial court erred in denying its 
plea to the jurisdiction because the Texas Water Code confers exclusive original 
jurisdiction on the city and exclusive appellate jurisdiction on the Texas 
Commission on Environmental Quality. Alternatively, Willow Park argues that the 
doctrine of primary jurisdiction precludes the trial court from exercising its 
jurisdiction at this time.
III.    Standard of 
Review
        A 
plea to the jurisdiction is a dilatory plea by which a party challenges a 
court’s authority to determine the subject matter of the action. Bland ISD 
v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a dilatory plea is 
not to force the plaintiffs to preview their case on the merits but to establish 
a reason why the merits should never be reached. Id. Because the question 
of subject matter jurisdiction is a legal question, we review the trial 
court’s ruling on a plea to the jurisdiction under a de novo standard of 
review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. 
denied, 526 U.S. 1144 (1999).
        The 
party suing the governmental entity bears the burden of affirmatively showing 
that the trial court has jurisdiction. Tex. Dep’t of Criminal Justice v. 
Miller, 51 S.W.3d 583, 587 (Tex. 2001). To determine whether Squaw Creek has 
affirmatively demonstrated the court’s jurisdiction to hear the case, we 
consider the facts alleged in the petition, and to the extent it is relevant to 
the jurisdictional issue, any evidence submitted by the parties to the trial 
court. Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 
868 (Tex. 2001); Bland ISD, 34 S.W.3d at 555. Our task is not to decide 
the merits of the case but rather to examine the claims in the pleadings, taking 
as true the facts pleaded, and determine whether those facts support 
jurisdiction in the trial court. Baston v. City of Port Isabel, 49 S.W.3d 
425, 427-28 (Tex. App.—Corpus Christi 2001, pet. denied).
        We 
must construe the pleadings in the plaintiff’s favor and look to the 
pleader’s intent. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 
2002); Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). A 
plaintiff bears the burden to allege facts affirmatively demonstrating the trial 
court’s jurisdiction to hear a case. Tex. Ass’n of Bus. v. Tex. Air 
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff pleads facts 
that affirmatively demonstrate an absence of jurisdiction, and the defect is 
incurable, then the cause is properly dismissed. Peek, 779 S.W.2d at 
804-05. If the plaintiff’s pleadings are insufficient to demonstrate the 
court’s jurisdiction, but do not affirmatively show incurable defects in 
jurisdiction, the proper remedy is to allow the plaintiff an opportunity to 
amend before dismissal. Brown, 80 S.W.3d at 555; Peek, 779 S.W.2d 
at 805.
IV.    Discussion
        Willow 
Park contends that the district court lacks jurisdiction over Squaw Creek’s 
rule 202 petition because the Texas Water Code confers exclusive original 
jurisdiction over water service disputes to the city, and exclusive appellate 
jurisdiction to the Texas Commission on Environmental Quality. Squaw Creek 
points to the lien against its property and replies that the district court 
would have jurisdiction over a suit testing the validity of the lien; therefore, 
it has jurisdiction over the rule 202 proceeding. We agree with Squaw Creek.
        Section 
13.042 of the water code provides in pertinent part as follows:
  
(a) Subject to the limitations imposed in this chapter and for the purpose of 
regulating rates and services so that those rates may be fair, just, and 
reasonable and the services adequate and efficient, the governing body of each 
municipality has exclusive original jurisdiction over all water and sewer 
utility rates, operations, and services provided by a water and sewer utility 
within its corporate limits.
 
                 . 
. . .
  
(d) 
The commission shall have exclusive appellate jurisdiction to review orders or 
ordinances of those municipalities as provided in this chapter.
 
Tex. Water Code Ann. § 13.042 (Vernon 
2000). “Services” means, among other things, “any act performed, anything 
furnished or supplied, and any facilities or lines committed or used by a retail 
public utility in the performance of its duties to . . . the public.” Id. 
§ 13.002(21). “Commission” means the Texas Natural Resource Conservation 
Commission.[1] Id. § 13.002(5).  Thus, 
the water code confers exclusive original jurisdiction over water service 
disputes to the municipality and exclusive appellate jurisdiction over such 
disputes to the Commission. Galveston v. Flagship Hotel, Ltd., 73 S.W.3d 
422, 427 (Tex. 2002) (holding district court had no jurisdiction over city’s 
decision to shut off customer’s water).
        On 
the other hand, district courts generally have exclusive jurisdiction to 
determine title to real property.  Musquiz v. Marroquin, 124 S.W.3d 
906, 910 (Tex. App.—Corpus Christi 2004, pet. denied); see Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 26.043 (Vernon 
2004).  Willow Park concedes that the district court would have 
jurisdiction over a trespass to try title suit arising from its lien on Squaw 
Creek’s property.
        The 
issue in this case is one step removed from the question of what body has 
jurisdiction over the underlying dispute between Squaw Creek and Willow 
Park.  At issue is jurisdiction over Squaw Creek’s rule 202 petition. 
Under rule 202, a person may petition a court for an order authorizing the 
taking of a deposition to perpetuate testimony for use in an anticipated suit or 
to investigate a potential claim or suit.  Tex. R. Civ. P. 202.1.  A rule 202 
petition must “be filed in a proper court of any county” where venue of the 
anticipated suit may lie or where the witness resides if no suit is 
anticipated.  Tex. R. Civ. P. 
202.2(b).  A reasonable interpretation of “proper court” is a court 
with jurisdiction over the underlying dispute. If no suit is yet anticipated, a 
petitioner must state the reasons for desiring to obtain the testimony. Tex. R. Civ. P. 202.2(g).
        In 
its first amended petition, Squaw Creek alleged as follows:
   
Petitioner’s reasons for desiring to obtain testimony is to obtain the 
information so as to learn about the validity of the billing claims against 
[Squaw Creek] to understand and determine the validity of the lien against the 
real property and to learn of the validity of the claim so that an amount of 
just payment, if any, to the city of Willow Park can be determined.

One 
of the reasons Squaw Creek expressly alleged for desiring the testimony of the 
city officials was to investigate the validity of Willow Park’s lien—a 
question over which the district court has jurisdiction. We hold, therefore, 
that the district court has jurisdiction over Squaw Creek’s rule 202 petition.
        Willow 
Park argues that even if the district court has jurisdiction over the rule 202 
petition, the doctrine of primary jurisdiction precludes the district court from 
exercising its jurisdiction. Primary jurisdiction is an administrative law 
doctrine that arises when a court and an agency have concurrent original 
jurisdiction over a dispute. Flagship Hotel, 73 S.W.3d at 425. The 
purpose of the doctrine is to assure that an agency to which the Legislature has 
delegated power over a business or industry will not be bypassed on what is 
especially committed to it. Id. A trial court must allow an 
administrative agency to initially decide an issue when (1) an agency is 
typically staffed with experts trained in handling the complex problems in the 
agency’s purview, and (2) great benefit is derived from the agency’s 
uniformly interpreting its laws, rules, and regulations, whereas courts and 
juries may reach different results under similar fact situations. Butnaru v. 
Ford Motor Co., 84 S.W.3d 198, 208 (Tex. 2002).
        We 
reject the application of the primary jurisdiction doctrine in this case for 
three reasons. First, Squaw Creek’s rule 202 petition, which simply asks for 
permission to take investigative depositions, does not raise a “complex 
problem” that requires the input of administrative “experts.” Second, the 
rule 202 petition does not require the district court to interpret the “laws, 
rules, and regulations” of Willow Park, the Commission, or the water code. We 
find no provision in the water code equivalent to rule 202. The water code does 
not provide a mechanism for taking investigative depositions. Third, the fact 
that Squaw Creek seeks presuit discovery under rule 202 rather than final 
adjudication of its claims militates against application of the primary 
jurisdiction doctrine. Primary jurisdiction precludes a court from “finally 
adjudicating a claim until the agency has an opportunity to act on the 
matter.” Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 
212, 221 (Tex. 2002) (emphasis added). Squaw Creek does not seek final or even 
preliminary adjudication of its claims; rather, it seeks only to investigate 
potential claims. Under these circumstances, primary jurisdiction does not 
preclude the trial court from allowing Squaw Creek to take investigative 
depositions. See Butnaru, 84 S.W.3d at 209, 211-12 (holding that although 
doctrine of primary jurisdiction required trial court to abate claims over which 
agency had primary jurisdiction, trial court did not abuse its discretion by 
imposing temporary injunction to maintain the status quo).
        We 
hold that the district court has jurisdiction over Squaw Creek’s rule 202 
petition and that the doctrine of primary jurisdiction does not preclude the 
district court from exercising its jurisdiction. We overrule Willow Park’s 
sole issue.
V.     Conclusion
        Having 
overruled Willow Park’s sole issue, we affirm the order of the trial court. See 
Tex. R. App. P. 43.2(a).
  
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
  
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
May 19, 2005

 
NOTES
1. 
Effective September 1, 2001, the name of the Texas Natural Resource Conservation 
Commission changed to the Texas Commission on Environmental Quality. See 
Act of May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. 
Laws 1933, 1985; “TNRCC is Now the TCEQ,” at
http://www.tceq.state.tx.us/name_change.html.