IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00322-CV

 

Robert H. Hensley,

                                                                      Appellant

 v.

 

W.M. Specialty Mortgage LLC,

                                                                      Appellee

 

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 05-C-3562

 



concurring Opinion










 

          It is with some degree of reluctance
that I write this concurring opinion.  My reluctance was eventually overwhelmed
by my concern for the public’s, the legal profession’s, and the parties’s need
to understand.  It is the need to understand the system’s purpose and how the concurring
note fails to fulfill that purpose; indeed, how it is contrary to that purpose.

          Our legal system is built around a
concept known as the rule-of-law.  I do not have the time to write a law review
article on our system, generally, or the rule-of-law in particular.  But one of
the fundamental concepts is that if a rule is established for a particular fact
pattern, when that basic fact pattern is again presented, the result should be
the same as before.  See Swilley v. McCain, 374 S.W.2d 871, 875 (Tex. 1964)(“After a principle, rule or
proposition of law has been squarely decided by the Supreme Court, or the
highest court of the State having jurisdiction of the particular case, the
decision is accepted as a binding precedent by the same court or other courts
of lower rank when the very point is again presented in a subsequent suit
between different parties.”).

          The result of this appeal is entirely
consistent with multiple prior decisions of this Court.  See In the
Interest of T.S.S., No. 10-04-00227-CV, 2004 Tex. App. LEXIS 10126 (Tex. App.—Waco Nov. 10, 2004, no pet.);Chadwell v. Ford Motor Co., No.
10-04-00272-CV, 2004 Tex. App. LEXIS 10115 (Tex. App.—Waco Nov. 10, 2004, no
pet.).  In these prior decisions, the litigants failed to file a docketing
statement.  The party was warned that if a docketing statement was not filed,
the case would be dismissed.  A docketing statement was not timely filed in
these other appeals.  The consequence of the failure to file was that the
appeal was dismissed.  Id.

          These earlier dismissed appeals were each
decided by a per curiam opinion and were each decided by the same three
justices that sit on this panel.  Except in very rare circumstances, not
present here, I do not use per curiam opinions to dispose of cases assigned to
me to draft.  This case was assigned to me under our internal system, and so I
drafted an opinion and circulated the draft opinion relying upon the precedent
of this Court.  

          So each reader of the opinion, Justice
Vance’s concurring note, and this concurring opinion will have to decide for
themselves why Justice Vance would decide to draft a concurring note to an
opinion I drafted when he did not take the same position on previously issued
per curiam opinions of this Court on the same issue.  

          In the concurring note, Justice Vance implies
that the dismissal of this appeal for failure to file a docketing statement may
be an improper sanction, a violation of the appellant’s due process rights. 
Any time a due process issue is raised, one of the first questions is to
identify what, if any, process is due. University of Tex. Medical Sch. v.
Than, 901 S.W.2d 926, 929 (Tex. 1995).  Due process normally relates to notice
and the opportunity to be heard.  Id. at 930.  In the event of some types
of procedural defaults, as in this instance, due process may require notice of the
defect and the opportunity to cure the defect.  See generally, Subaru
of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 228 (Tex. 2002)(Appellee
should be given an opportunity to cure a jurisdictional defect.); Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998)(A timely objection
to the reliability of the scientific evidence is required so the offering party
is given an opportunity to cure any defect that may exist and will not be
subject to trial and appeal by ambush.); Peek v. Equipment Service Co.,
779 S.W.2d 802, 805 (Tex. 1989)(“Unless the petition affirmatively demonstrates
that no cause of action exists or that plaintiff's recovery is barred, we
require the trial court to give the plaintiff an opportunity to amend before
granting a motion to dismiss or a motion for summary judgment.”).

          The appellate rules contemplate a
dismissal for a procedural defect.  See Tex. R. App. P. 44.3.  We must only give a reasonable
opportunity to cure the defect before dismissing.  Id.  And we did.  As
the opinion notes, the appellant was given notice of the defect, which was the
failure to file a docketing statement, and was told specifically what was
necessary to cure the defect.  The appellant was also told what the result would
be for the failure to cure the defect.  The defect was not cured; the docketing
statement has not been filed.  We did everything in this appeal to apprise the
party of the defect and the result of the failure to cure that we have done in
the earlier cases we dismissed.  Other courts have also dismissed for the same
failure.  See In the Interest of J.M., No. 12-05-000297-CV, 2005 Tex. App. LEXIS 8640 (Tex. App.—Tyler Oct. 19, 2005, no pet. h.)(publish); Middleton v. State,
No. 05-02-01318-CV, 2003 Tex. App. LEXIS 443 (Tex. App.—Dallas Jan. 17, 2003,
no pet.); see also Morris v. Speedway Erection Serv. Co., No.
04-04-00109-CV, 2004 Tex. App. LEXIS 4008 (Tex. App.—San Antonio May 5, 2004,
no pet.); Fincher v. Mortgage Elec. Registration Sys., No.
05-03-00614-CV, 2003 Tex. App. LEXIS 4262 (Tex. App.—Dallas May 19, 2003, no
pet.)(released for publication May 19, 2003).  

          This dismissal is the result of an
inference drawn when a party fails to proceed with their case.  Dismissal of
this appeal under these circumstances is not a violation of due process.  I
concur in the judgment of dismissal.

 

                                                          TOM
GRAY                                                                                                           Chief
Justice

 

Concurring opinion delivered and filed November 16,
2005