In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00228-CR


______________________________




CLYDE WASHINGTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 08M1062-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Clyde Washington appeals from his conviction by a jury of the offense of harassment. See
Tex. Penal Code Ann. § 42.07 (Vernon 2003). The jury assessed his punishment at 120 days'
confinement and a fine of $2,000.00. (1) Washington was represented by the public defender's office
at trial and by appointed counsel on appeal. Washington's attorney has filed a brief in which she
concludes that the appeal is frivolous and without merit, after a review of the record and the related
law.

 Counsel states that she has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record and
advances two arguable grounds for review. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Washington on April 2, 2009, informing Washington
of his right to examine the entire appellate record and to file a pro se response. Counsel
simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal, and
requesting an extension of time for Washington to file his pro se response. That extension was
granted by this Court until May 28, 2009. Counsel also notified this Court in that motion that
Washington had not kept her office informed of his whereabouts since his release from custody and
that she was uncertain as to whether he had received the letter and brief she had mailed to him. If
a criminal defendant fails to keep his attorney informed of his current address, he forfeits the right
to receive a copy of the Anders brief and the right to file a pro se response. In re Schulman, 252
S.W.3d 403 (Tex. Crim. App. 2008). Washington has not filed a response or a request for an
extension of time in which to file such a response. 

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). In a frivolous appeal
situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the
appeal must be dismissed or affirmed. See Anders, 386 U.S. 738.

 We affirm the judgment of the trial court. (2)




 Bailey C. Moseley

 Justice


Date Submitted: July 2, 2009

Date Decided: July 3, 2009


Do Not Publish
1. Washington appeals from four separate convictions of harassment in companion appeals,
cause numbers 06-08-00228-CR, 06-08-00229-CR, 06-00230-CR, and 06-00231-CR, in which
opinions are released this date. He was sentenced in each case to 120 days' confinement, with the
sentences to run concurrently and fines of $2,000.00.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Washington in this case. No
substitute counsel will be appointed. Should Washington wish to seek further review of this case
by the Texas Court of Criminal Appeals, Washington must either retain an attorney to file a petition
for discretionary review, or Washington must file a pro se petition for discretionary review. Any
petition for discretionary review must be filed within thirty days from the date of either this opinion
or the last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this Court, after which it will be forwarded
to the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R.
App. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.



SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00094-CV

                                                ______________________________

 

 

                            CHRISTOPHER CASTLEBERRY,
Appellant

 

                                                                V.

 

                  NEW HAMPSHIRE INSURANCE COMPANY, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 76th Judicial District Court

                                                             Morris County, Texas

                                                            Trial
Court No. 24,603

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Christopher
Castleberry, acting pro se, has appealed from the dismissal with prejudice of
his case attacking a review of an administrative proceeding involving the scope
of his award for a work-related injury. 

I.          Factual and
Procedural Background 

            Castleberry
sustained back injuries on January 20, 2009, which were compensable and for
which he received workers compensation benefits.  His prescribed medications were for
depression, chronic pain syndrome, chronic myofascial
pain, and for erectile dysfunction.  The
insurer, New Hampshire Insurance Company, eventually contested the
applicability of these medications, and the Division of Workers Compensation Review
Board held that the compensable injury did not extend to or include these
ailments and that Castleberry was therefore not entitled to reimbursement for
those medications.  See Tex. Lab. Code Ann.
§ 410.251 (West 2006).  Castleberry
sought a judicial review of those rulings. 


            New
Hampshire filed a plea to the jurisdiction in the district court on May 31,
2011.  In that plea, it was alleged that
because Castleberry had not requested specific relief for the underlying ruling
on depression, chronic pain syndrome, or myofascial
pain syndrome, the trial court had no jurisdiction to consider them.  New Hampshire further argued that Castleberry
had exhausted his administrative remedies only as to the ruling denying
recovery for erectile dysfunction.  Thus,
New Hampshire asked the trial court to recognize and limit the issues . . .
and hold the Plaintiff failed to exhaust his administrative remedies or seek
judicial review for any alleged injuries (other than erectile dysfunction).  The trial court granted the plea and ordered
the entirety of the suit dismissed with prejudice.  

            Castleberry
appeared pro se both at the trial court and here.  His brief states that he appeals the judgment,
which granted a plea to the jurisdiction and dismissal of his case.  He states that he was injured January 20, 2009,
by falling from an oil rig truck and sustained a compensable injury, but in
November 2010 New Hampshire ceased paying for some prescription medications.  He requests this Court overturn the trial
courts decision and require New Hampshire to continue to pay for his
medication as prescribed by the accredited workers compensation physician Dr.
Tom Mayer.  

            New
Hampshire argues that Castleberrys brief is inadequate.  We conclude the brief fairly apprises this
Court and New Hampshire of Castleberrys claim that the trial court improperly
granted the companys plea to the jurisdiction and further urges this Court to overturn
the decision and rule that the company should pay for reimbursements of
medications.  

II.        Plea to the
Jurisdiction

            New
Hampshire labeled its pleading as a plea to the jurisdiction and added the term
special exceptions.  The relief sought,
however, was jurisdictional in nature pursuant to Section 410.302(b) of the
Texas Labor Code, which provides:

            (b)        A
trial under this subchapter is limited to issues decided by the appeals panel
and on which judicial review is sought. 
The pleadings must specifically set forth the determinations of the
appeals panel by which the party is aggrieved.

 

Tex. Lab.
Code Ann. § 410.302(b) (West 2006).  The
statute limits the nature of the remedies that can be considered by the
reviewing court and has been consistently analyzed as limiting the reviewing
courts jurisdiction to consider specific matters only as described by the
statute.  See Tex. Builders Ins. Co. v. Molder, 311 S.W.3d 513, 518 (Tex. App.El Paso 2009, no pet.).  Thus, it was proper for the trial court to
limit its consideration to issues specifically set forth by Castleberrys
appeal.  Castleberrys appeal of the
administrative determination only specifically asserted New Hampshires
liability for his medication for erectile dysfunction.

            The
plea to the jurisdiction asserted that Castleberry had not properly raised
issues concerning the pain medications and, therefore, the trial court had no
jurisdiction on those claims; it was never asserted that the trial court had no
jurisdiction for the erectile dysfunction medication.  

            This
case involves an appeal from a plea to the jurisdiction; unless it is clear
from the pleadings that the court does not have jurisdiction over the
controversy, the court should retain the case. 
See Peek v. Equip. Serv. Co. of
San Antonio, 779 S.W.2d 802, 804 (Tex. 1989).  Whether New Hampshire was liable for
Castleberrys erectile dysfunction medication was specifically pled and the
trial court had jurisdiction to determine that issue.  See
State Office of Risk Mgmt. v. Rodriguez,
No. 08-10-00278-CV, 2011 WL 3792818, *5 (Tex. App.El Paso Aug. 26, 2011, pet.
filed).  The trial courts ruling
improperly disposed of the entirety of the case, including the matter that the
company had agreed was properly before the court, even though the defendant had
not requested that relief.

            New
Hampshire prayed only that the subject matter considered by the trial court
should be limited to the matters specifically raised in Castleberrys
pleading.  The dismissal of the entire
case constitutes a final and appealable judgment, but one that is
erroneous.  We, therefore, must reverse
the judgment concerning New Hampshires liability for the erectile dysfunction
medication. 

            We
affirm that part of the judgment dismissing the claims for depression, chronic
pain syndrome, or myofascial pain syndrome.  We reverse the judgment as it pertains to the
claim for medication for erectile dysfunction and remand for further
proceedings consistent with this opinion. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          January 6, 2012

Date Decided:             January 13, 2012